FILED
COURT OF APPEALS
DIVISION II

2014 MAY -6 AM 8: 27

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint of | No. 42012-1-II |
| LESTER JUAN GRIFFIN, | |
| Petitioner. | PUBLISHED OPINION |

LEE, J.—A jury found Lester Juan Griffin guilty of one count of first degree assault with a firearm enhancement and one count of attempted first degree burglary with a firearm enhancement. We affirmed Griffin's conviction. *State v. Griffin*, noted at 157 Wn. App. 1001 (2010). Griffin then filed this personal restraint petition (PRP). The State argues that consideration of Griffin's petition is barred on procedural grounds because his petition was inadequate and was not timely cured. We agree and deny Griffin's petition.

## FACTS

A jury found Griffin guilty of one count of first degree assault with a firearm enhancement and one count of attempted first degree burglary with a firearm enhancement. We affirmed Griffin's convictions on direct appeal, and we issued a mandate on December 10, 2010. Griffin filed a timely, 67-page pro se personal restraint petition. Later, Griffin sought, through counsel, permission to file an amended petition in place of his original pro se petition. Griffin filed a timely, eight-page amended petition on December 9, 2011, one day before the expiration of the one-year time bar. RCW 10.73.090(1). Griffin's amended petition baldly alleged six

grounds for relief, but it did not contain any supporting factual allegations, legal argument, or evidence.

Also on December 9, Griffin filed a motion to stay consideration of his petition pending the outcome of potential deoxyribonucleic acid (DNA) testing on trial evidence. Griffin's motion for a stay was granted. Ultimately, Griffin determined that DNA testing was not possible because the evidence had been contaminated by other forensic testing. On June 6, 2012, Griffin filed a motion requesting "that the stay be lifted and this Court set the briefing schedule set forth in Part II [of the motion], for the parties to have an opportunity to brief the issues raised in the amended petition." Spindle (Pet'r Mot. to Lift Stay at 3). Griffin's motion to lift the stay was granted. The commissioner's ruling stated:

> Petitioner has moved to lift the stay in this case and for permission to file a supplemental petition. Petitioner's motions are granted. Petitioner should, however, be aware that the issues in the supplemental brief may be subject to the one-year time bar stated in RCW 10.73.090 if petitioner did not raise these same issues in a previous, timely petition. See *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 139-44 (2008).

Spindle (Ruling Lifting Stay). The commissioner's ruling also set a briefing schedule ordering that "Petitioner's supplemental petition is due within 60 days of the date of this ruling." Spindle (Ruling Lifting Stay).

On August 13, 2012, Griffin filed a document titled "OPENING BRIEF IN SUPPORT OF AMENDED PERSONAL RESTRAINT PETITION." Griffin presented six specific arguments:

    1.    The State committed a *Brady* [1] violation.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

No. 42012-1-II

2. Griffin received ineffective assistance of counsel by failing to conduct an adequate investigation into allegations of misconduct by the investigating detective.

3. Material facts exist which should have been presented at trial.

4. Griffin received ineffective assistance of counsel by failing to effectively impeach the State's witnesses.

5. Griffin received ineffective assistance of counsel when his counsel failed to object to the State's improper closing arguments.

6. The State committed flagrant and ill-intentioned misconduct during closing argument.

In response, the State filed a brief arguing that consideration of Griffin's petition is barred on procedural grounds. First, the State argues that Griffin filed a supplemental *petition* rather than a supplemental brief, and raised new issues. Therefore, under our Supreme Court's decision in *In re Personal Restraint of Hankerson*, 149 Wn.2d 695, 700, 72 P.3d 703 (2003), Griffin's petition is a mixed petition that must be dismissed. Second, the State argues that Griffin's timely amended petition was inadequate and that Griffin could not cure the inadequate amended petition by filing a brief after the statutory time bar has expired. *See* RCW 10.73.090. We agree that Griffin failed to timely cure his clearly inadequate amended petition. Accordingly, Griffin's amended petition is denied.

ANALYSIS

A. MIXED PETITION

To support its argument that Griffin has filed a mixed petition, the State argues that Griffin's August 2012 filing should be considered a supplemental petition because the

3

Commissioner's order refers to a supplemental petition; therefore, anything Griffin files in response to the Commissioner's order must be considered a supplemental petition. In contrast, Griffin argues that he filed a motion to lift the stay and set a briefing schedule. Griffin never actually filed a motion to file a supplemental petition.

We accept Griffin's argument that he did not file a supplemental petition in August 2012 because he did not file a motion asking permission to file a supplemental petition. We consider the document Griffin filed as a supplemental brief in support of the amended petition and not a supplemental petition. Therefore, we do not address the State's argument that Griffin has filed a mixed petition that must be dismissed. *Hankerson*, 149 Wn.2d at 700.

B.    ADEQUACY AND TIMELINESS OF PETITION

The State also argues that Griffin's amended petition was inadequate and could not be cured by an untimely brief. Griffin contends that any inadequacies in his amended petition have been cured by filing his brief. Griffin primarily argues that we are permitted to liberally interpret our court rules to allow a petitioner to file an adequate petition. Although we agree with Griffin to the extent that we may permit liberal interpretation as to the form of a personal restraint petition, we cannot liberally interpret our court rules in a manner which circumvents the statutorily prescribed time bar. Because the inadequacies of Griffin's amended petition were not timely cured, we deny Griffin's amended petition.

As an initial matter, Griffin's amended petition is indisputably inadequate. In order to obtain relief through a personal restraint petition, the petitioner must prove "either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of

justice." *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004) (internal quotations marks omitted). In order to meet this burden, the petitioner "must support the petition with facts or evidence and may not rely solely on conclusory allegations." *Monschke*, 160 Wn. App. at 488 (citing RAP 16.7(a)(2)(i); *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 506 (1990); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 365, 759 P.2d 436 (1988)). Further, the petitioner has the burden of demonstrating "that the 'factual allegations are based on more than speculation, conjecture, or inadmissible hearsay." *Monschke*, 160 Wn. App. at 489 (quoting *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied* 506 U.S. 958 (1992)).

Here, Griffin filed an amended petition that did not include even general substantive facts supporting his alleged grounds for relief. It stated six grounds for relief; however, he did not support the stated grounds for relief, even with conclusory allegations.[2] At a bare minimum, a personal restraint petition must include:

A statement of (i) the facts upon which the claim of unlawful restraint of petitioner is based and the evidence available to support the factual allegations,

---

[2] For example, Griffin's first ground for relief stated:

Griffin should be given a new trial or released from confinement pursuant to RAP 16.4(c)(2), because the conviction was obtained and the sentence was imposed in violation of his right to effective assistance of counsel at trial and on appeal as guaranteed by the Sixth Amendment to the United States Constitution, and Article 1, section 22 of the Washington State Constitution.

Amended Pers. Restraint Pet'r at 3. This failed to allege the specific ground or grounds upon which his ineffective assistance of counsel claim was based. Griffin's remaining grounds for relief are stated in a similar manner.

(ii) why other remedies are inadequate, and (iii) why the petitioner's restraint is unlawful.

RAP 16.7(a)(2). A personal restraint petition need not include legal argument or authority if legal argument and authority is included in accompanying briefing. RAP 16.7(a)(2), 16.10. However, because Griffin's amended petition did not include any facts supporting his bare allegations that his restraint was unlawful, Griffin's amended petition is inadequate on its face and does not meet the bare requirements of RAP 16.7(a)(2) for a personal restraint petition. Simply filing a document labeled a personal restraint petition and alleging broad categories of error does not make the document a personal restraint petition. Accordingly, unless Griffin timely cured the inadequacies of the amended petition, we must deny it.

The State relies on RAP 16.10(a)(1)[3] to argue that unless the brief is filed with the petition, it cannot be considered to cure any inadequacies in the petition itself. Griffin argues that under RAP 1.2 this court will liberally construe the court rules to "facilitate the decision of cases on the merits." RAP 1.2(a). According to Griffin, we should consider his amended petition and his brief as a whole and, as a result, his petition is not inadequate.

Our court rules govern the *form* of a petition. Therefore, we are free to liberally interpret them to provide flexibility in the form in which the petition is filed. Griffin is correct that we may liberally construe the court rules such that we may consider a petition that makes bald allegations regarding the stated grounds for relief without any supporting facts together with a

---

[3] RAP 16.10 states, in relevant part:

> (a) **Briefs Allowed.** The following briefs may be, but need not be, filed:
> (1) *Petitioner's Opening Brief.* Petitioner's opening brief, which should be filed with the petition.

brief that contains factual allegations, evidence, and legal argument or authority as a complete adequate petition. *See* RAP 16.7, 16.10. Further, we may liberally construe the court rules such that a brief in support of a petition need not be filed with a petition, but rather, may be filed after the petition. RAP 16.10. Therefore, if Griffin had *timely* filed both his amended petition and his brief, Griffin's petition would be complete. However, Griffin did not file both his amended petition and his brief timely. Accordingly, we must decide whether Griffin could cure a timely filed but inadequate amended petition with an untimely brief. The answer is no.

To decide otherwise would require us to disregard the statutory time bar in RCW 10.73.090. Our Supreme Court has held that RCW 10.73.090 functions as a statute of limitations not as a jurisdictional statute. *Bonds*, 165 Wn.2d at 140. Given that RCW 10.73.090 functions as a statute of limitations, we do not have the authority to disregard it under the guise of liberally interpreting our own court rules. As our Supreme Court has stated:

> The defendant is not seeking a waiver of a court rule, however, but of a statute of limitation. RAP 18.8(a)[4] does not allow the court to waive or alter statutes.

*In re the Pers. Restraint of Benn*, 134 Wn.2d 868, 939, 952 P.2d 116 (1998). Therefore, to the extent that Griffin argues that the court rules grant us the authority to accept a petition that is untimely because it was not sufficient until after the time bar has expired, we disagree.

Here, Griffin asks us to endorse the practice of filing "placeholder" petitions. Reply Br. of Petitioner at 9. We decline this request because to do so would allow petitioners to file any document labeled a personal restraint petition and then later file a document curing the

---

[4] RAP 18.8(a) allows us to "waive or alter the provisions of any of these rules and enlarge or shorten the time within which an act must be done." Although Griffin relies on RAP 1.2 rather than RAP 18.8(a), he still asks us to rely on court rules to alter the time bar imposed by statute.

inadequacies sometime before this court considers the petition. A petitioner cannot avoid the time bar by filing a skeletal, inadequate petition before the statutory deadline, and then file a document meeting the requirements for an acceptable petition after the deadline. Griffin has not cited any authority supporting the contention that Washington courts accept the practice of filing placeholder petitions. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Griffin also states that "[h]ere, this Court's rulings allowed for a placeholder petition and for later briefing."[5] Reply Br. of Pet'r at 9. Griffin's argument presumes that this court evaluated and endorsed Griffin's amended petition as adequate. Griffin's presumption is incorrect.

The first order granted Griffin's motion to file the amended petition and stayed *consideration* of the amended petition while Griffin investigated potential DNA evidence. When the motion was granted, there was no obligation to determine whether Griffin's amended petition complied with the minimum requirements of RAP 16.7. As explained above, filing a document labeled a personal restraint petition does not mean that the petitioner has filed an adequate petition. Likewise, the order lifting the stay did not endorse Griffin's petition as adequate. Rather the ruling lifted the stay Griffin requested and set a briefing schedule. Under RAP

---

[5] Griffin, however, does not assert that compliance with this court's orders entitles him to relief under the doctrine of equitable tolling. *See Bonds*, 165 Wn.2d at 141; *In re Pers. Restraint of Hoisington*, 99 Wn. App. 423, 431-32, 993 P.2d 296 (2000). At oral argument the State noted that Griffin has not asserted equitable tolling and suggested that equitable tolling does not apply in this case. Griffin made no effort to acknowledge or respond to the State and has failed to assert that we should apply the doctrine of equitable tolling. Therefore, we do not address the issue any further. *See* RAP 10.3(a)(6).

16.10(c) we may order or allow briefing at any time. *See also Bonds*, 165 Wn.2d at 140. However, allowing briefing, at counsel's request, prior to consideration of the petition, does not require this court to first evaluate the adequacy of the petition.

This court repeatedly reminded Griffin of the one year time bar in RCW 10.73.090. Because Griffin was repeatedly told that the one year time bar would be applied to any additional issues or supplemental petitions, Griffin was on notice that the rulings were not altering the time bar. Therefore, Griffin should have been aware that the time bar expired on December 10, 2011, one day after he filed his amended petition and his motion to stay. This court's rulings did not alter the procedural requirements under RAP 16.7, and the rulings did not alter the time bar imposed by RCW 10.73.090. More importantly, the rulings did not give Griffin permission to, nor do they absolve Griffin of, filing an amended petition that he knew or should have known did not meet any requirement of RAP 16.7. Accordingly, we reject Griffin's assertion that this court's earlier rulings granted permission to file an inadequate placeholder petition.

Finally, Griffin argues that his actions in this case are acceptable because:

> Developing the factual and legal arguments in subsequent pleadings, after DNA test results, would ensure that this Court and the State could consider the merits of all of [Griffin's] claims in a fully informed proceeding. This is a more efficient use of everyone's resources than piecemeal litigation by way of presenting the Court with multiple, successive petitions.

Reply Br. of Pet'r at 7. Although we agree that judicial efficiency is a laudable goal, filing a baldly inadequate petition was not necessary to achieve it. Moreover, none of the stated grounds for relief in Griffin's amended petition appear to rely in any way on the results of subsequent DNA testing. Accordingly, there is no excuse for asserting them without relying on any factual basis. Further, Griffin could have filed an adequate petition, asked for a stay and then

reevaluated the merits of the original claims when the stay was lifted. Griffin chose to do neither.[6]

Accordingly, we deny Griffin's petition.

_____
Lee, J.

We concur:

_____
Worswick, C.J.

_____
Johanson, J.

---

[6] In addition, we note that newly discovered evidence, including new DNA evidence, is an exception to the time bar and can establish good cause for filing a successive petition. RCW 10.73.100(1), .140. Accordingly, although it may not have been the most efficient option, Griffin would not have been barred from raising claims based on newly discovered DNA evidence in a subsequent petition.