IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) ) | No. 36483-6-III |
| BRANDON KRISTOPHER EDMONDSON, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

LAWRENCE-BERREY, C.J. — Brandon Kristopher Edmondson pleaded guilty to crimes that included an illegal sentencing enhancement. For that reason, we grant his personal restraint petition and remand to strike the enhancements from Mr. Edmondson's judgment and sentence.

FACTS

On October 21, 2003, Mr. Edmondson pleaded guilty in Spokane County Superior Court to two counts of riot (now criminal mischief). Each count included a six-month deadly weapon enhancement. On November 19, 2003, the court sentenced Mr. Edmondson to 12 months in jail based on running the two enhancements consecutive to

each other.  Mr. Edmondson did not appeal that sentence and is not presently incarcerated on it.

On November 8, 2005, Mr. Edmondson pleaded guilty to another felony offense with a deadly weapon enhancement.  On November 10, 2005, the superior court sentenced him.  At sentencing, the court doubled the normal length of Mr. Edmondson's deadly weapon enhancement under RCW 9.94A.533(4)(d).  This statute requires doubling of any deadly weapon enhancement when the defendant has a previous conviction that also included a deadly weapon enhancement.  Mr. Edmondson did not appeal that sentence and is still presently incarcerated on it.

Mr. Edmondson filed this personal restraint petition on December 10, 2018, challenging the 2003 judgment and sentence.

## ANALYSIS

The sole issue raised in the personal restraint petition is whether Mr. Edmondson's judgment and sentence included an illegal sentencing enhancement in excess of the lower court's jurisdiction.  Before addressing the merits of the petition, we first review it for timeliness and whether Mr. Edmondson is still under "restraint."  RCW 10.73.090; RAP 16.4(b).

Generally, personal restraint petitions must be filed within one year after the underlying judgment and sentence becomes final.  RCW 10.73.090(1).  An exception exists where "[t]he sentence imposed was in excess of the court's jurisdiction."

2

RCW 10.73.100(5). The issue raised in Mr. Edmondson's petition fits within this exception; therefore, it is not time barred.

Although Mr. Edmondson is not currently incarcerated under the 2003 judgment and sentence, he is still under "restraint" due to other disability resulting from it. RAP 16.4(b). RCW 9.94A.533(4)(d) only applies to double Mr. Edmondson's current deadly weapon enhancement because of the existence of the 2003 deadly weapon enhancement. But for that enhancement from 2003, Mr. Edmondson's current sentence would be 24 months shorter. Because the issue raised in Mr. Edmondson's petition fits within an exception to the one-year time bar and because Mr. Edmondson is still "restrained" by this judgment and sentence, we review his petition on the merits.

Upon reaching the merits of the petition, the State concedes the error. We agree. Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, deadly weapon enhancements can only be attached to "ranked offenses," i.e., offenses where the sentence is determined by reference to the grids found in RCW 9.94A.510 or RCW 9.94A.517. RCW 9.94A.533(1); *State v. Vazquez*, 200 Wn. App. 220, 228, 402 P.3d 276 (2017), *review denied*, 189 Wn.2d 1040, 409 P.3d 1070 (2018). When Mr. Edmondson committed his crimes in 2003, riot was not a ranked offense. *See* former RCW 9.94A.515 (2002) and former RCW 9.94A.518 (2002). Accordingly, the sentencing court did not have jurisdiction to include those enhancements in Mr. Edmondson's judgment and sentence.

Although our substantive analysis ends here, we write further to clarify the extent of our ruling. This ruling only applies to the deadly weapon enhancements. It does not apply to the deadly weapon special verdict/finding for "strike" purposes under the Persistent Offender Accountability Act, LAWS OF 1994, chapter 1, as amended (hereafter POAA). Mr. Edmondson's brief in support of his petition takes it as a given that our opinion in *Vazquez* held that unranked offenses can never be considered "strikes." That is incorrect. Our opinion in *Vazquez* explicitly declined to reach that issue because

> the State never sought a deadly weapon verdict that would have been governed by RCW 9.94A.825. It instead sought a firearm enhancement under RCW 9.94A.533(3). We are not, therefore, confronted with the question of whether *Soto* would prevent entry of a deadly weapon verdict for an unranked offense.

*Vazquez*, 200 Wn. App. at 229 (citing *State v. Soto*, 177 Wn. App. 706, 309 P.3d 596 (2013)).

Because the State in this case obtained deadly weapon verdicts/findings under former RCW 9.94A.602 (1983) (now RCW 9.94A.825), it rests on a different procedural footing than *Vazquez*. Although this different procedural footing would lend itself to resolving this issue, it is still not properly before us. This is because Mr. Edmondson's petition only sought relief from the sentencing enhancement and did not separately seek relief from the deadly weapon finding. Although Mr. Edmondson's brief in support of the petition makes an argument for overturning the finding, a brief cannot raise new issues that were not included in the underlying petition. *See In re Pers. Restraint of*

4

*Griffin*, 181 Wn. App. 99, 325 P.3d 322 (2014) (holding that a brief in support of a personal restraint petition cannot cure a defective petition).

Furthermore, Mr. Edmondson is not under "restraint" from the deadly weapon finding because there has not yet been a judicial determination that this offense is a "strike" under the POAA. That determination only gets made later upon sentencing for any future crime where the State seeks a life sentence under the POAA. Until then, any opinion as to whether this offense counts as a strike is purely advisory and nonbinding. This is in accord with prior cases where earlier "strikes" were only challenged after the imposition of a life sentence under the POAA. *In re Pers. Restraint of Cruze*, 169 Wn.2d 422, 237 P.3d 274 (2010) (strike challenged after POAA sentence imposed); *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 272 P.3d 209 (2012) (same). Additionally, this court is not aware of any cases where a personal restraint petition has been granted on the grounds that an offense might be considered a "strike" in the future nor has Mr. Edmondson cited any cases to that effect. "If no authority is cited, we may presume that counsel, 'after diligent search, has found none.'" *Or. Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 418, 36 P.3d 1065 (2001) (quoting *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 895, 568 P.2d 764 (1977)). For these reasons, we do not reach the issue left open in *Vazquez*.

No. 36483-6-III
*In re Pers. Restraint of Edmondson*

## CONCLUSION

Mr. Edmondson's petition is granted. The case is remanded to superior court for the sole purpose of correcting the judgment and sentence in accordance with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Siddoway, J._
Siddoway, J.

_Fearing, J._
Fearing, J.