[No. 72844-5.   En Banc.]
Argued March 11, 2003.    Decided July 3, 2003.

*In the Matter of the Personal Restraint of* GERALD HANKERSON, *Petitioner.*

*Sheryl G. McCloud*, for petitioner.

*Norm Maleng, Prosecuting Attorney for King County*, and *Deborah A. Dwyer* and *Ann M. Summers, Deputies*, for respondent.

*Beth Ann Colgan* and *Charles C. Sipos* on behalf of Barry C. Massey, amicus curiae.

MADSEN, J. — The Court of Appeals dismissed Gerald Hankerson's personal restraint petition because it was filed after the one-year time limit of RCW 10.73.090, and at least one of the claims it contains does not fall within an exception in RCW 10.73.100. Petitioner challenges the dismissal, arguing that a reviewing court must evaluate each of the claims raised in a personal restraint petition filed after the one-year limit, identify those claims that are time barred and those that fall within an exception in RCW 10.73.100, and decide the claims that are not time barred. Alternatively, the petitioner asks that we follow a procedure similar to that in federal cases holding that if a habeas corpus petition is filed that contains both exhausted and unexhausted claims, the court must give the petitioner the option of withdrawing the procedurally barred claims or face dismissal of the entire petition.

We hold that if a personal restraint petition with multiple claims is filed after the one-year period expires, and the court determines that at least one of the claims is time barred, the petition must be dismissed. The court will not analyze each claim that is raised in order to advise which claims are time barred and which are not.

## FACTS

Hankerson and codefendant Alvin Mitchell were tried together for the aggravated first degree murder of Mr. Nai

Vang Saeturn. Hankerson testified at trial, but Mitchell did not. Over Hankerson's objection, the trial court admitted, as statements against interest, the testimony of a witness who repeated Mitchell's out of court declarations that incriminated both defendants. The jury was given instructions on accomplice liability. Both defendants were convicted of aggravated first degree murder and sentenced to life in prison without the possibility of parole. Their convictions were affirmed in *State v. Mitchell*, 117 Wn.2d 521, 817 P.2d 398 (1991).

On January 16, 2002, Hankerson filed a personal restraint petition in the Court of Appeals, arguing, among other things, that this court's decision in *State v. Roberts*, 142 Wn.2d 471, 14 P.3d 713 (2000) constitutes a significant new change in the law entitling him to relief, both with regard to admission of Mitchell's statements against interest that inculpated Hankerson, and with regard to attribution of aggravating factors to an accomplice. On July 3, 2002, the acting chief judge of Division One of the Court of Appeals dismissed the petition, reasoning that Hankerson's claim regarding admissibility of the out of court statements did not fall within any exception in RCW 10.73.100 to the one-year time limit for filing personal restraint petitions, nor did it fit within the limited exceptions in RCW 10-.73.090. Therefore, the acting chief judge concluded, under *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240 (2000) (*Stoudmire* I), the entire petition must be dismissed even though it is arguable that at least one of Hankerson's claims falls within an exception in RCW 10.73.100.

Hankerson sought discretionary review in this court, which was denied by the court commissioner. The court granted Hankerson's motion to modify the commissioner's ruling and accepted discretionary review. We affirm the Court of Appeals order dismissing Hankerson's personal restraint petition.

## ANALYSIS

RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." However, the one-year limit is not applicable in circumstances identified in RCW 10.73.100.[1] Hankerson maintains that his personal restraint petition raises claims falling within the exception in RCW 10.73.100(6) concerning significant changes in the law that are material to his conviction.

In *Stoudmire* I, this court considered the mandate in RCW 10.73.100 that a petition is not subject to the time limit in RCW 10.73.090 where the petition " 'is based *solely* on one or more of the following grounds.' " 141 Wn.2d at 348 (quoting RCW 10.73.100). We held that in order to give effect to the word "solely," a personal restraint petition is exempt from the one-year time limit of RCW 10.73.090 under RCW 10.73.100 only if all asserted grounds for relief in the petition fall within an exception set forth in RCW

---

[1] RCW 10.73.100 provides:

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

10.73.100. But if one or more of the grounds asserted falls within the exceptions in RCW 10.73.100 and one or more does not, then the petition is a "mixed petition" which must be dismissed. *Stoudmire* I, 141 Wn.2d at 349.

Hankerson maintains, however, that in *Stoudmire* I this court identified which claims were untimely under RCW 10.73.090, which were untimely under RCW 10.73.100, decided the claims that were timely under RCW 10.73.090, and only then dismissed the rest. Thus, he reasons, the court informed the petitioner of the status of each of the claims and, in fact, advised him that he could refile one claim arguably falling within an exception in RCW 10-.73.100. The petitioner in *Stoudmire* did refile that claim. *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 36 P.3d 1005 (2001) (*Stoudmire* II). Upon that resubmission, the court determined the claim did not fit within the exception said to apply, i.e., a significant change in the law, and thus it was also time barred. *Stoudmire* II, 145 Wn.2d at 265. Hankerson contends that under *Stoudmire* I the Court of Appeals should have determined the timeliness of each of his asserted claims rather than dismissing the petition outright.

*Stoudmire* I does not require the analysis urged by Hankerson. Instead, the court dismissed all the claims that did not involve alleged facial invalidity. As to these claims, the court identified one as possibly falling within RCW 10.73.100(6), but clearly did not make any actual determination that it was not time barred. This is obvious because in *Stoudmire* II, the court held that the claim did not fall within RCW 10.73.100(6) and was in fact time barred. As to the claims involving alleged facial invalidity, the court considered those claims because claims of facial invalidity in the judgment and sentence, or lack of jurisdiction, are claims falling under RCW 10.73.090 and thus not subject to the restrictive language in RCW 10.73.100 ("based *solely* on one or more of the following grounds") (emphasis added). Nor, under RCW 10.73.090, are such claims subject to the one-year time bar.

The most that can be said about *Stoudmire* I is that the court showed how its holding will apply. The case did not establish a procedure that in the future courts would have to consider each claim on the merits, identify the time barred claims, identify the claims that are not time barred under RCW 10.73.100, and decide the latter claims. *Stoudmire* I does, however, provide for resubmittal of claims exempt under RCW 10.73.100.

Hankerson contends, alternatively, that we should adopt the procedure followed in federal courts. "Mixed" federal habeas corpus petitions, i.e., those containing both claims that have been exhausted in state court and claims that have not, must be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). District courts must provide petitioners "with the choice of returning to state court to exhaust [their] claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. at 510. The Ninth Circuit has held that the petitioner has a right to amend the mixed petition to delete the unexhausted claims, and proceed on the exhausted claims, as an alternative to dismissal. *E.g., Anthony v. Cambra*, 236 F.3d 568, 573 (9th Cir. 2000); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).[2]

Hankerson maintains this procedure assures that all issues raised will be resolved in a single case, thus serving the goals of finality and justice. He argues the Court of Appeals dismissal of his petition conflicts with the federal cases, which he views as persuasive precedent.

As the State points out, however, if this procedure did not exist in the federal system, and the courts simply dismissed

---

[2] The State says that this principle applies in the Ninth Circuit only to pro se petitioners. This is not quite accurate. The rule from *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) applies to all habeas petitioners. The Ninth Circuit has added that, in accord with its general rule applying to pro se litigants filing civil rights complaints, a district court must, before dismissing a habeas corpus petition under *Rose*, advise the pro se petitioner of the right to amend the petition and proceed with the exhausted claim. *James v. Pliler*, 269 F.3d 1124 (9th Cir. 2001). That does not mean that other habeas corpus petitioners lack the same right.

mixed habeas corpus petitions, then the federal one-year limitation on filing habeas corpus petitions might expire before a petitioner could refile a petition raising only exhausted claims. This is not true in the case of a "mixed petition" under RCW 10.73.100, because by definition any claim that is not time barred may be refiled without danger of untimeliness. Moreover, we perceive that the degree to which a court must examine the substance and merits of an issue to determine whether it is an exhausted claim is not, in most cases, the same as would be necessary to determine whether a claim fits within an exception in RCW 10.73.100.

In addition, under either procedure suggested by Hankerson, the likelihood is that petitioners will file doubtful claims along with legitimate claims and wait to see which the court decides are exempt and either worth proceeding on or refiling. Much more importantly, neither procedure is consistent with RCW 10.73.090 and .100 (see RAP 16.4(d) incorporating these statutes) and the legislature's obvious intent that the court is not to consider untimely claims. It violates that intent to require the court to consider the merits of the claims in order to determine which are time barred and which are not.

We are aware, of course, that some examination of the grounds asserted for relief must be made in order to determine if there is a time barred claim. In many of the cases, this will require limited effort on the part of the court, given its experience. Often the cases cited in support of the claims, or the nature of the claims, will focus the court's attention on the claim or claims likely to be time barred. We are persuaded that the interests of judicial economy as well as legislative intent underlying RCW 10.73.090 and .100 (see RAP 16.4(d)) are served by the holding in *Stoudmire* I.

Accordingly, we reiterate the holding of *Stoudmire* I that if a personal restraint petition claiming multiple grounds for relief is filed after the one-year period of RCW 10.73.090 expires, and the court determines that at least one of the claims is time barred, the petition must be dismissed.

Under such circumstances the court will not analyze every claim that is raised in order to determine or advise which claims are time barred and which are not, nor will it decide claims under RCW 10.73.100 that are not time barred.

Turning to Mr. Hankerson's claims, it is obvious that he has filed a mixed petition which must be dismissed. Although dismissal by the Court of Appeals was on the basis that *Roberts* does not constitute significant new law vis-à-vis the admission of Hankerson's codefendant's out of court statements, we conclude that another ground for relief asserted in his petition fails to fall within any exception in RCW 10.73.100. That is, his personal restraint petition lists four grounds for relief. The second is that admission of the out of court statements was erroneous under *Bruton v. United States*, 391 U.S. 123, 134, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968); *Richardson v. Marsh*, 481 U.S. 200, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987); and *Gray v. Maryland*, 523 U.S. 185, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998). In *Bruton*, the Court held that a nontestifying codefendant's confession implicating the defendant violated the defendant's confrontation clause rights. *Richardson* limited that holding by permitting admission of a nontestifying codefendant's confession when it was redacted to eliminate not only the name of the other defendant but also any reference to his or her existence. In *Gray*, the Court held that a redacted confession simply replacing the other defendant's name with "deleted" was unconstitutional.

These cases do not represent significant new law material to Hankerson's conviction. Accordingly, his personal restraint petition was correctly dismissed as a mixed petition. As we noted in *Stoudmire* I, Hankerson may file a personal restraint petition in the future bringing claims he believes fall within the exceptions of RCW 10.73.100. While RAP 16.4(d) bars a second petition claiming similar relief without a showing of good cause, a successive petition will be dismissed on these grounds only where the prior application was denied after being heard and determined on the merits. *Stoudmire* I, 141 Wn.2d at 350 (citing *In re Pers.*

*Restraint of Haverty*, 101 Wn.2d 498, 502-03, 681 P.2d 835 (1984)).[3] Where claims are dismissed because they are contained in a mixed petition, the claims have not been considered on the merits; the dismissal is on procedural grounds. *Stoudmire I*, 141 Wn.2d at 350-51.

We also note that if, in the future, Hankerson brings claims challenging whether his judgment and sentence is valid on its face or rendered by a court of competent jurisdiction, such claims do not fall within RCW 10.73.100, but rather are reviewable under RCW 10.73.090.

We affirm the dismissal of Hankerson's personal restraint petition on the basis that it is a mixed petition.

ALEXANDER, C.J., and JOHNSON, IRELAND, BRIDGE, OWENS, and FAIRHURST, JJ., concur.

CHAMBERS, J. (dissenting in part) — I agree that Gerald Hankerson's personal restraint petition is mixed. However, given the importance of the issues he raises, I would permit him to withdraw the untimely issues to afford prompt review.[4] Therefore, I respectfully dissent.

Under the approach sanctioned by the majority today, if the reviewing court determines one of the issues raised in a personal restraint petition brought under RCW 10.73.100 is untimely, it must dismiss the entire petition without notifying the petitioner of the offending claims. I recognize that this is largely current practice, allowing courts to scan through a personal restraint petition, find a time barred

---

[3] There may be other reasons for dismissal of a successive personal restraint petition, for example, abuse of the writ.

[4] Hankerson raised four issues in his petition. First, he argued that the admittance of out of court statements of a nontestifying codefendant violated the law as subsequently articulated in *State v. Roberts*, 142 Wn.2d 471, 14 P.3d 713 (2000). Second, he argued the admittance of these statements violated three United States Supreme Court cases, one of which was subsequent to his conviction. Third, he argued that the State used a subsequently invalidated theory of accomplice liability. Fourth, he argued the jury instruction improperly allowed the jury to convict him of an aggravating factor based on his codefendant's actions. His first, third, and fourth claims are potentially subject to the RCW 10.73.100(6) exception for significant and material changes in the law. I agree with the majority that Hankerson's second issue is untimely.

issue, and dismiss the entire petition as beyond review without obligation to inform the petitioner which of the issues is time barred. In these days of tight budgets and increasing workloads, it may seem to be economical to be able to summarily dismiss such petitions. The petitioner, however, is permitted to refile each issue in a cascade of successive petitions, so the economy is dubious.

Certainly no one argues that justice must be inexpensive or subject to a cost efficient analysis. Our obligation is to dispense justice. Justice delayed is often justice denied.

The judicial power of this State is vested in the courts. CONST. art. IV, § 1. From this grant of power to the courts flows certain obligations; among them that courts must strive to achieve, to the extent possible, prompt and final resolution of issues and disputes brought before courts. I recognize the legislature forbids the filing of personal restraint petitions after a time unless based solely on an enumerated exemption or exception. RCW 10.73.090(1), .100. But this court should not go beyond the statute to create more obstacles to prompt and final resolution. The majority compels multiple successive filings. The majority's approach is particularly troubling on issues raised, as here, under RCW 10.73.100(6), based upon significant changes in the law. Whether or not any prior development in the law is a "significant change" is unknown until we so declare.

I do not read *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240 (2000) (*Stoudmire* I) or *In re Personal Restraint of Stoudmire*, 145 Wn.2d 258, 36 P.3d 1005 (2001) (*Stoudmire* II) to compel the result reached by the majority today. In *Stoudmire* I, this court identified which claims were properly reviewable under RCW 10-.73.090, and identified and dismissed with leave to refile timely claims under RCW 10.73.100. *Stoudmire* I, 141 Wn.2d at 348-57. In *Stoudmire* II, this court duly considered and ultimately rejected the refiled claims.

Similarly, I believe that courts should review personal restraint petitions with an eye toward whether the petitioner has raised any meritorious issues warranting review.

The majority's approach will have the courts reviewing petitions with an eye for any untimely issues warranting dismissal. This approach is antithetical to principles that should underlie our consideration of every plea for justice.

I believe that when an issue plainly appears to be timely, the court has the inherent equitable power to stay dismissal and give the petitioner the option of withdrawing the untimely claims. This would implement the legislature's clear intent of encouraging prompt resolution of claims, while allowing meritorious claims to be heard in a timely fashion.

Where the petitioner files numerous and obviously time barred claims, I agree with the majority that the court should dismiss the petition as mixed and not reward petitioner's failure to abide by the strictures of RCW 10.73.090 and .100. Petitioners should have an incentive to comply with the statute and courts are not required to routinely sort timely and untimely claims. However, where the court actually identifies a timely issue, the court should have the option of allowing the petitioner to receive full and prompt resolution through withdrawal of the remaining issues. Such an approach would serve the interests of justice. Since the majority largely forecloses this approach, I respectfully dissent.

SANDERS, J., concurs with CHAMBERS, J.