FILED
COURT OF APPEALS
DIVISION II

2015 JAN 27 AM 8: 50

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Personal Restraint Petition of | No. 45851-9-II |
| JASON ROSS BURNS, | |
| Petitioner. | UNPUBLISHED OPINION |

SUTTON, J. – Jason R. Burns seeks relief from personal restraint imposed following his conviction of unlawful sale of a controlled substance (heroin) with a special verdict finding that he committed his crime within 1,000 feet of a school bus stop. Burns asserts that the sentencing court exceeded its jurisdiction by imposing a sentence of 120 months of incarceration and 9 to 12 months of community custody. Specifically, Burns contends that the statutory maximum penalty for his offense is 60 months, and he requests this court to remand for resentencing to reduce his incarceration term to 60 months and his community custody term to 0.

We disagree with Burns's contention that the statutory maximum for his offense is 60 months because under RCW 69.50.435's doubling provision, which provision the sentencing court properly applied here, the statutory maximum for Burns's offense is 120 months. But we

agree with Burns that his community custody term, when combined with his incarceration term, exceeds the statutory maximum penalty for his offense. We, thus, deny Burns's petition in part, grant his petition in part, and remand to correct Burns's sentence by reducing his community custody term to 0.

## FACTS

The facts underlying Burns's conviction have been set forth in our unpublished opinion from his direct appeal and need not be repeated here. *State v. Burns*, noted at 166 Wn. App. 1018, *review denied*, 174 Wn.2d 1013 (2012). Following Burns's conviction for unlawful sale of a controlled substance (heroin) with a special verdict finding that Burns committed his offense within 1,000 feet of a school bus stop, the trial court sentenced Burns to 120 months of incarceration[1] and 9 to 12 months of community custody.

## ANALYSIS

RCW 10.73.090(1) provides,

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

A personal restraint petition is a collateral attack on a judgment. RCW 10.73.090(2). Burns filed this petition on January 14, 2014, more than one year after his judgment and sentence

---

[1] Burns's judgment and sentence shows that the trial court sentenced Burns to an exceptional downward sentence of 96 months of incarceration plus a mandatory 24 months of incarceration for committing his crime within 1,000 feet of a school bus stop. A notation on Burns's judgment and sentence indicates that the trial court's sole basis for reducing Burns's base sentence was to accommodate the imposition of his mandatory 24-month school zone enhancement without exceeding the 10-year statutory maximum penalty for the offense.

became final on August 16, 2012, the date we issued our mandate disposing of his direct appeal. RCW 10.73.090(3)(b). Therefore, Burns's petition must be dismissed as untimely unless he can show that (1) RCW 10.73.090(1) does not apply because his judgment and sentence is facially invalid or not rendered by a court of competent jurisdiction, or that (2) each of his claims falls under one or more exception to the time bar enumerated in RCW 10.73.100. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702-03, 72 P.3d 703 (2003). Burns contends that RCW 10.73.100(5)'s exception to the time bar applies to his petition because the sentencing court exceeded its jurisdiction by imposing a sentence in excess of the statutory maximum penalty for his offense.

Burns asserts that the statutory maximum penalty for his offense is 60 months. We disagree. Burns was convicted of violating RCW 69.50.410, which statute provides in relevant part,

> (1) Except as authorized by this chapter it is a class C felony for any person to sell for profit any controlled substance . . . classified in Schedule I, RCW 69.50.204,[2] except leaves and flowering tops of marihuana.
>
> . . . .
>
> (2)(a) Any person convicted of a violation of subsection (1) of this section shall receive a sentence of not more than five years in a correctional facility of the department of social and health services for the first offense.

Although RCW 69.50.410(2)(a) states that the maximum penalty for a first offense is five years, RCW 69.50.435 provides in relevant part,

> (1) Any person who violates RCW 69.50.401 by . . . selling . . . a controlled substance listed under RCW 69.50.401 . . . .
>
> (c) Within one thousand feet of a school bus route stop designated by the school district;
>
> . . . .

---

[2] RCW 69.50.204(b)(11) classifies heroin as a schedule I controlled substance.

3

may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter.

In *State v. Blade*, 126 Wn. App. 174, 180, 107 P.3d 775 (2005), we held, "The doubling provision in RCW 69.50.435 defines a new maximum penalty for the manufacture, sale, delivery, or possession with the intent to manufacture, sell, or deliver a controlled substance if the crime is committed in certain locations, including within 1,000 feet of a school bus stop." Here, the jury found by special verdict that Burns committed his offense within 1,000 feet of a school bus route stop, thus triggering RCW 69.50.435(2)(a)'s doubling provision. Therefore, the statutory maximum penalty for Burns's violation of RCW 69.50.410 is 120 months not 60 months as Burns asserts. Accordingly, the sentencing court did not exceed its jurisdiction by sentencing Burns to 120 months of incarceration.

Burns argues, and the State concedes, however, that the sentencing court exceeded its jurisdiction by sentencing Burns to 120 months of incarceration plus 9 to 12 months of community custody. We agree.

RCW 9.94A.701(9) provides,

The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

Under RCW 9.94A.701(9), the sentencing court here was required to reduce Burns's community custody term to 0 so that his term of confinement when combined with his community custody term would not exceed the statutory maximum penalty for his offense; the sentencing court's notation that "under no circumstances shall the total term of confinement plus the term of community custody actually served exceed the statutory maximum for each offense" was not

No. 45851-9-II

sufficient to comply with RCW 9.94.701(9). Am. Pet., Ex. A. *See State v. Boyd*, 174 Wn.2d 470, 472, 275 P.3d 321 (2012) ("[F]ollowing the enactment of [RCW 9.94.701(9)], the '*Brooks*[3] notation' procedure no longer complies with statutory requirements.").

Accordingly, we deny Burns's petition in part, grant his petition in part, and remand with directions for the trial court to correct Burns's sentence by reducing his community custody term to 0.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

<span style="text-align:right; display:block">_____<br>SUTTON, J.</span>

We concur:

_____
JOHANSON, C.J.

_____
MAXA, J.

---

[3] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).