**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JULIAN LEE YOUNG,<br><br>                       Petitioner. | No. 51385-4-II<br><br>PUBLISHED OPINION |

MAXA, J. – In this personal restraint petition (PRP), Julian Young seeks relief from personal restraint imposed following his 2014 guilty plea for first degree robbery while armed with a firearm, second degree robbery while armed with a deadly weapon, and first degree unlawful possession of a firearm. Young was 20 years old at the time he committed the crimes. As part of a guilty plea agreement, the trial court accepted a joint recommendation of an exceptional sentence plus two sentencing enhancements running consecutively.

More than a year after Young's convictions were final, the Supreme Court held in *State v. Houston-Sconiers* that under the Eighth Amendment to the United States Constitution, trial courts sentencing juvenile defendants must have the discretion to consider the mitigating circumstances of the juvenile's youth. 188 Wn.2d 1, 20-21, 391 P.3d 409 (2017). This discretion includes running firearm enhancements concurrently rather than consecutively. *Id.* at 21, 24-26. Young argues that he is entitled to be resentenced in light of *Houston-Sconiers*. And he claims that even though his PRP was filed more than one year after his conviction became final, the PRP is not time-barred under RCW 10.73.100(6) because *Houston-Sconiers* was a significant change in the law that should be applied retroactively.

No. 51385-4-II

The State concedes that Young's PRP is timely. We do not accept this concession. We agree with the parties that *Houston-Sconiers* constituted a significant change in the law that applies retroactively. But RCW 10.73.100(6) applies only if a change in the law is material to the petitioner's case. *Houston-Sconiers* expressly limited its holding to *juvenile* defendants, and Young was not a juvenile when he committed his offense. Therefore, that case is not material to Young's sentence and RCW 10.73.100(6) is inapplicable. We dismiss Young's PRP as time-barred.

FACTS

In July 2014, Young entered into an agreement to plead guilty to amended charges of first degree robbery with a firearm enhancement, second degree robbery with a deadly weapon enhancement, and first degree unlawful possession of a firearm. The charges arose from two home invasion robberies in which Young pointed a firearm at the victims. Young was 20 years old at the time of the crimes.

The original plea agreement included a joint sentencing recommendation of 168 months, which was three months less than the top of the standard range, plus 60 months for the firearm enhancement and 12 months for the deadly weapon enhancement to be served consecutively. Before the trial court could address the original plea agreement, the State filed additional charges against Young after he was involved in an altercation in jail. Young then agreed to an amended plea agreement in which the new charges were dismissed and the joint recommendation was changed to an exceptional sentence of 186 months plus the sentencing enhancements, for a total of 258 months.

The trial court accepted Young's guilty plea pursuant to the amended plea agreement and proceeded to sentencing. Young told the trial court that he agreed to the exceptional sentence

2

No. 51385-4-II

and asked that the court follow the recommendation. The court decided to impose the jointly recommended sentence. Young did not appeal, and as a result his judgment and sentence became final on the date of entry – August 19, 2014. RCW 10.73.090(3)(a).

In December 2017, Young filed a CrR 7.8 motion in the trial court. He argued that his sentence should be vacated under *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), because the trial court did not consider his youth as a mitigating circumstance. The trial court determined that the motion was time-barred and transferred the motion to this court as a PRP.

In this court, Young moved to amend his PRP to add a claim for relief based on *Houston-Sconiers*, 188 Wn.2d 1; *In re Personal Restraint of Ali*, 196 Wn.2d 220, 233-36, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021); and *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 262-66, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021). A commissioner of this court granted Young's motion.

## ANALYSIS

### A. PRP TIME BAR

RCW 10.73.090(1) provides that a petitioner generally must file a PRP within one year after a trial court judgment becomes final. However, RCW 10.73.100 lists six exceptions to the one-year time limit. Under RCW 10.73.100(6), the time bar does not apply if the PRP is "[1] based on a significant change in the law, [2] which is material to the conviction or sentence, and [3] sufficient reasons exist to require retroactive application of the changed legal standard." *Ali*, 196 Wn.2d at 233.

When a petition for collateral relief raises one or more claims that fall within one of the statutory exceptions to the time bar under RCW 10.73.100, but also raises one or more claims that do not fall within one of those exceptions, the petition is considered a "mixed petition" and

No. 51385-4-II

must be dismissed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003).

B.     APPLICATION OF RCW 10.73.100(6)

Both Young and the State assume that Young's PRP is timely under RCW 10.73.100(6). But we conclude that RCW 10.73.100(6) is inapplicable and that Young's PRP is time-barred under RCW 10.73.090(1).[1]

Young's PRP asserts that his sentence is unconstitutional, and he identifies two separate grounds for relief. First, Young claims that the trial court failed to consider imposition of a downward exceptional sentence based on his youth as a mitigating factor. He primarily relies on *O'Dell*, 183 Wn.2d at 698-99. Second, Young claims that the trial court failed to consider running the sentencing enhancements concurrently based on the mitigating factor of youth. He primarily relies on *Houston-Sconiers*, 188 Wn.2d at 21, 24-26.

To the extent that one of Young's claims is based solely on *O'Dell*, that claim clearly is time-barred. The Supreme Court has held that *O'Dell* did not constitute a significant change in the law under RCW 10.73.100(6). *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 334-38, 422 P.3d 444 (2018). Unless we can interpret Young's PRP as being based on *Houston-Sconiers* and not on *O'Dell*, we would have to dismiss the PRP as a mixed petition even if the *Houston-Sconiers* claim was timely. *See Hankerson*, 149 Wn.2d at 702.

Regarding Young's claim based on *Houston-Sconiers*, the Supreme Court has held that *Houston-Sconiers* was a significant change in the law that required retroactive application. *Ali*,

---

[1] We generally refrain from deciding cases based on an argument that the State does not make. But "RCW 10.73.090 is a mandatory rule that acts as a bar to appellate court consideration of PRPs filed after the limitation period has passed." *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 140, 196 P.3d 672 (2008).

No. 51385-4-II

196 Wn.2d at 233; *see also Domingo-Cornelio*, 196 Wn.2d at 262 (applying RAP 16.4(c)(4) to determine unlawful restraint for a timely PRP). However, RCW 10.73.100(6) applies only if the holding in *Houston-Sconiers* is material to Young's sentence. *Ali*, 196 Wn.2d at 233.

In *Houston-Sconiers*, the court held that the Eighth Amendment requires the trial court to consider a juvenile defendant's youth in sentencing, even for statutorily mandated sentences. 188 Wn.2d at 18-21. The court stated that "sentencing courts must have complete discretion to consider the mitigating circumstances associated with the youth of any juvenile defendant." *Id.* at 21. However, the court's holding in *Houston-Sconiers* was expressly limited to "sentencing *juveniles* in the adult criminal justice system." *Id.* at 34 (emphasis added).

*Houston-Sconiers* was material in both *Ali* and *Domingo-Cornelio* because the defendants in both cases were juveniles when they committed their crimes. *Ali*, 196 Wn.2d at 234-36; *Domingo-Cornelio*, 196 Wn.2d at 263-65. But Young was not a juvenile when he committed his crimes – he was 20 years old. By its express terms, *Houston-Sconiers* does not apply in this case. 188 Wn.2d at 21, 34. Therefore, *Houston-Sconiers* does not provide a constitutional basis for requiring sentencing courts to consider the defendant's youth at sentencing when the defendant is an adult rather than a juvenile. Even if Young was sentenced today, he could not argue that the holding in *Houston-Sconiers* would require the court to consider his youth.

It is possible that the Supreme Court in the future may extend the holding of *Houston-Sconiers* to 20-year-old defendants. *See In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 312-13, 326, 482 P.3d 276 (2021) (extending to 20-year-olds the holding in *State v. Bassett*, 192 Wn.2d 67, 91, 428 P.3d 343 (2018), that sentencing juvenile offenders to life without parole or release is unconstitutional). Such an extension of *Houston-Sconiers* could be material to Young's sentence, and Young may be able to avoid the time bar under RCW 10.73.100(6) in a

No. 51385-4-II

PRP based on such a case.[2]  But until then, *Houston-Sconiers* in not material to Young's

sentence.

We conclude that RCW 10.73.100(6) is inapplicable because *Houston-Sconiers* is not

material to Young's sentence.  Therefore, we hold that Young's PRP is time-barred.

CONCLUSION

We dismiss Young's PRP as time-barred.

_____
MAXA, J.

We concur:

_____
WORSWICK, P.J.


_____
LEE, J.

---

[2] A PRP based on such a future case may not be barred as a successive petition under RCW 10.73.140 because the grounds would be the holding of the new case and not the holding in *Houston-Sconiers*.  And even if the PRP was successive, this court would be required to transfer the PRP to the Supreme Court, which could consider it under RAP 16.4(d) because we are not resolving this PRP on the merits.  *See In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 362, 256 P.3d 277 (2011).