IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 37913-2-III |
| | ) | |
| MARTIN GERALD GANN. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

FEARING, J. — Martin Gann petitions this court to remove two conditions imposed by the Indeterminate Sentence Review Board (ISRB) to his release from imprisonment after convictions for indecent liberties. We dismiss one of his challenges as time barred. We remand the other challenge to the ISRB for further consideration.

FACTS

Prior to Martin Gann's prosecution in Washington State for the crimes under which the ISRB now supervises him, Montana authorities, in the 1990s, prosecuted Martin Gann for habitually sexually abusing his step-daughter. Gann received a deferred sentence, and the state of Montana dismissed the charges following his completion of sex offender treatment.

In 2008, Martin Gann pled guilty to three counts of indecent liberties for acts occurring between 2002 and 2008. The plea resolved Washington State charges relating to six victims between the ages of 7 and 14 at the time of the abuse. All victims were

children of Gann's close family and church friends. Gann admitted to molesting twelve

victims, including his two biological daughters from his first marriage.

Martin Gann's 2008 plea resulted in the imposition of an indeterminate sentence

of a minimum of 110 months and a maximum of life. The Washington superior court

imposed numerous conditions on any potential release of Gann. Condition 15 of the

superior court judgment and sentence declares:

> That you avoid places where minor females are known to congregate
> without the specific permission of the supervising community corrections
> officer and therapist, and then only in the presence of an approved adult
> chaperone/guardian.

Pet'r's Opening Br., Exhibit A. The indeterminate sentence placed Gann under the

jurisdiction of the ISRB.

Martin Gann appealed the superior court's decision denying a sexual offender

sentencing alternative. This court affirmed. *State v. Gann*, No. 27611-2-III (Nov. 3,

2009). Gann served ten years in prison.

In 2018, the ISRB released Martin Gann from incarceration subject to conditions

of community custody imposed by the ISRB in addition to those conditions earlier

imposed by the superior court. Gann's personal restraint petition addresses two of these

ISRB conditions:

> C. You must not enter the County of [Spokane] without prior written
> approval of your CCO [community custody officer] and the ISRB.
> . . . .

2

E. You must not have contact with minors unless accompanied by a responsible adult who is capable of protecting the child, who knows of the conviction, and has been approved of in advance by your CCO and/or your sexual deviancy treatment provider (responsible adult cannot be Veronica Gann).

Pet'r's Opening Br., Exhibit B.  We refer to condition C as the Spokane County exclusion and condition E as the responsible adult supervision requirement.

Martin Gann signed his release conditions on June 14, 2018.  The signed release informed Gann of the ability to appeal the ISRB conditions.  He did not exercise this right.  The Department of Corrections released him from prison on July 9, 2018.

The ISRB amended condition E on March 16, 2021.  The condition now reads:

You must not have more than incidental contact with any minor unless the minor's parent is aware of your offense behavior and you are accompanied by an approved chaperone.

See Att. F to Supp. Decl. of Robin Riley (Filed Nov. 30, 2021).

Martin Gann and his wife Veronica own a duplex in Spokane Valley, which was the couple's residence before Gann's incarceration.  Gann has been married to Veronica for twenty years.  Veronica still lives in the duplex.  When the ISRB first considered release, the board required Gann to submit a release plan that included a proposed residence.  Gann proposed the duplex, and the ISRB rejected it.  Gann next proposed two DOC-approved transitional housing locations in Spokane, and the ISRB rejected both.  Gann proposed three other addresses in Spokane County, and the ISRB rejected all three.

3

Martin Gann sought clarification from the ISRB, which responded that he could not reside in "Spokane proper." The ISRB subsequently clarified that "Spokane proper" meant the cities of Spokane, Spokane Valley, Liberty Lake, and Otis Orchards. Otis Orchards is not an incorporated city. Apparently the ISRB was willing for Gann to reside in other areas of Spokane County, despite the superior court conditions of release precluding any entry into the county without permission from the CCO or ISRB.

ISRB documents suggest that the board imposed the Spokane County restriction at the request of the ISRB's Victim Liaison. The liaison wrote:

> There are multiple victims in Spokane County who live & work within the county & attend different schools & various wards of the LDS [Latter Day Saints] church. There are too many locations to set any kind of reasonable boundary, so I am requesting that he not be allowed in the county.

Response to Personal Restraint Petition, Exhibit D.

Martin Gann submitted possible residential addresses in Airway Heights and Cheney, cities in Spokane County but outside the ISRB's description of "Spokane proper." The ISRB rejected the two residences also. The ISRB then informed Gann for the first time that he could not reside anywhere within DOC's East Region Section 1. This region includes Okanogan, Ferry, Stevens, Pend Oreille, Lincoln, Spokane, Whitman, Garfield, and Asotin counties. This prohibited territory violates geographic logic since Okanagan County lies much further from Spokane County than Adams and Grant County, counties from which the ISRB did not banish Gann. Gann's ISRB-

4

imposed conditions only exclude him from Spokane County, and not the entirety of Eastern Washington.

Martin Gann submitted a fifth plan for release to Soap Lake, in Grant County. The ISRB granted Gann release to Soap Lake.

Since his release, Martin Gann has submitted eleven requests to travel to Spokane County. The ISRB granted six and denied five of the requests. Gann did not exercise one of the grants because of the burdensome conditions placed on the approval. The requests included entreaties to drive his wife to medical appointments in Spokane County, to spend time at the Spokane Valley duplex to perform cleaning, improvements, repairs, and maintenance, and to spend Christmas day with his wife. In July 2019, the ISRB recommended to Gann that he sell the Spokane Valley duplex and reside permanently in Soap Lake to avoid the need for frequent travel to Spokane County.

Martin Gann retained counsel to help him challenge some of the ISRB denials of his requests. In July 2019, Gann's lawyer sent a letter to the ISRB protesting the onerous conditions that limited his ability to either sell the duplex or rent it. The letter requested approval for a longer stay to fix up the property. The ISRB responded with a non-responsive response that declared it would consider the request. The letter also stated:

> The ISRB provides a courtesy notice to victims when an offender is allowed to be in a restricted area. This causes undue hardship and trauma to the victims.

Pet'r's Opening Br., Exhibit 5. Gann's attorney sent a second letter that complained about the lack of a response and that reiterated Gann's request. The ISRB responded that it might consider a trip for ten days, but that Gann would be required to hire labor or find church volunteers to make any trips that required leaving the residence, such as dump runs or hardware purchases.

On December 1, 2019, Martin Gann requested a permanent change in his conditions to allow him to move to his Spokane Valley duplex. Gann highlighted that he had not committed a violation in the seventeen months since his release. The ISRB denied the request stating: "there are multiple areas of community concern in Spokane County, which cannot be mitigated." Pet'r's Opening Br., Exhibit P.

Based on a suspicion that the ISRB grounded its denial on comments from the victim liaison, Martin Gann's counsel identified the locations of five of Gann's six victims, who are now all adults. Three live within four miles of Gann's duplex, one lives within ten miles, and one lives 800 miles away. Gann and his lawyer had previously not known whether any of the victims lived in Spokane Valley. Gann's lawyer has not shared the current addresses of any of the victims with Martin or Veronica Gann.

## PROCEDURE

Martin Gann filed this personal restraint petition on December 17, 2020. As already indicated the petition challenges condition C, the Spokane County exile, and condition E, the responsible adult supervision requirement in the ISRB conditions of

release.  In response, the ISRB argues that Gann untimely filed his petition and that the conditions survive substantive judicial scrutiny.

Due to ambiguities in the personal restraint petition, this court questioned the nature of Martin Gann's challenge to the Spokane County prohibition.  We wondered if he sought to strike condition C in full or whether he focused his challenge only to the ISRB's denial of his request tendered on December 1, 2019, for a permanent move to his Spokane Valley duplex.  His petition could be read either way.  Although the two potential challenges overlap, different time bars might apply.  During oral argument, Martin Gann clarified that he seeks review both of the initial decision to impose condition C and the ISRB's denial of his December 1, 2019, request to rescind condition C.  In turn, the ISRB stated that it did not respond to the merits of the December 1, 2019, request because it did not read the petition as raising that issue.  Wash. Court of Appeals oral argument, *In re Pers. Restraint of Gann*, No. 37913-2-III (Dec. 7, 2021), at 15 min., 15 sec. through 15 min., 50 sec.  Thereafter, this court directed the parties to file supplemental briefing addressing Gann's December 1, 2019 request.  The parties have filed responses although the ISRB's response argues against this court entertaining Gann's December 2019 request rather than the substance of the request.

LAW AND ANALYSIS

In his personal restraint petition, Martin Gann continues to seek elimination of the

Spokane County banishment and the responsible adult supervision requirement. Based

on the ISRB's response, we must first address whether Gann filed his petition late.

Spokane County Exclusion

To repeat, Martin Gann challenges condition C in his conditions of release signed

on June 14, 2018 and the denial of his request to move in December 2019. Both relate to

banishment from Spokane County. He filed his petition in December 2020. The ISRB

contends RCW 4.16.130 bars all of Martin Gann's requested relief as untimely.

A one-year statute of limitations generally governs a personal restraint petition.

RCW 10.73.090(1) declares:

> No petition or motion for collateral attack *on a judgment and
> sentence* in a criminal case may be filed more than one year after the
> judgment becomes final if the judgment and sentence is valid on its face
> and was rendered by a court of competent jurisdiction.

(Emphasis added.) This limitation period, however, applies only to a personal restraint

petition that challenges the offender's judgment and sentence. *In re Personal Restraint of

Heck*, 14 Wn. App. 2d 335, 340-41, 470 P.3d 539 (2020), *review denied*, 196 Wn.2d

1047, 481 P.3d 1096 (2021). RCW 4.16.130, the two-year catch-all civil statute of

limitations, controls a personal restraint petition based on other challenges, such as an

appeal of a prison infraction. *In re Personal Restraint of Heck*, 14 Wn. App. 2d 335,

8

340-41 (2020). This rule follows the anomalous characterization of personal restraint petitions as civil actions even when the petition challenges one's restraint for a crime.

We apply a two-year limitation period to Martin Gann's personal restraint petition. If we commenced the window of time for the period on Gann's signing of the conditions, we would summarily dismiss his petition because he filed the petition more than two years after his signing on June 14, 2018.

In *In re Personal Restraint of Heck*, 14 Wn. App. 2d 335 (2020), Clinton Heck challenged a prison infraction. After concluding that the two-year limitation period applied, this court dismissed Heck's petition. The infraction proceeding transpired in 2010 through 2011. He filed his personal restraint petition in 2018. Heck emphasized before this court that he did not know of his prerogative to challenge the infraction in court until 2018. This court denied extending the accrual of the limitation period beyond 2011.

In order to avoid the time bar, Martin Gann contends that his petition involves an ongoing wrong, not one isolated event. According to Gann, although his petition challenges conditions for his life, the basis for continuing a condition can change over time as demonstrated by the fact that the ISRB can change conditions at any time. Gann asks for either equitable tolling or application of the continuing violation doctrine. He seeks application of equitable tolling on the basis that the ISRB never provided him a meaningful opportunity to contest his conditions of release based on changing

circumstances.  Gann distinguishes *In re Personal Restraint of Heck* on the basis that Clinton Heck did not contest continuing ISRB imposed community custody conditions.

Since Martin Gann seeks equitable tolling, we address the latest Washington Supreme Court addressing equitable tolling: *In re Personal Restraint of Fowler*, 197 Wn.2d 46, 479 P.3d 1164 (2021).  Previously, equitable tolling required "the predicates of bad faith, deception, or false assurances."  *In re Personal Restraint of Haghighi*, 178 Wn.2d 435, 448-49, 309 P.3d 459 (2013).  This rule ostensibly required the State to be the party engaging in bad faith, deception, or false assurances.  *Fowler* changed this perception.  Now, circumstances falling short of bad faith, deception, or false assurances will satisfy equitable tolling if the petitioner shows (1) that he diligently pursued his rights and (2) that an extraordinary circumstance prevented a timely filing.  Importantly, extraordinary circumstances can include conduct or lack of conduct by the offender's counsel.

In *Personal Restraint of Fowler*, Vincent Fowler, through his brother, hired John Crowley, and, through no fault of Fowler, Crowley failed to timely file a personal restraint petition.  Fowler took timely steps to hire a substitute attorney when he realized Crowley had abandoned him.

We consider *In re Personal Restraint of Fowler* unhelpful to Martin Gann.  We also decline to expand equitable tolling beyond the parameters of *Fowler*.  We further decline to apply a continuous violation theory.  We instead highlight Gann's argument as

one of a new request based on changed circumstances. On December 1, 2019, Gann made a formal request to modify his community custody conditions so that he could move back into the Spokane Valley duplex with his wife.

The ISRB has authority to modify conditions at any time following notice to the offender. RCW 9.95.420(2). The statute does not explicitly give offenders the right to request modifications, but we infer that the ISRB's authority to change conditions at any time necessarily encapsulates an ability for offenders to also request modifications based on changed circumstances. Inferentially, the ISRB recognized a right to request a modification because it considered Gann's December 2019 request on its merits without summarily denying it.

We refuse to review Martin Gann's challenge to condition C in its entirety because of the personal restraint petition's untimeliness. Nevertheless, because Martin Gann filed this personal restraint petition within two years of the denial of his modification request in December 2019, we hold the challenge to the denial to be timely.

Our analysis renders the petition "mixed." Normally, the entirety of a mixed petition must be dismissed as time-barred. *In re Personal Restraint of Hankerson*, 149 Wn.2d 695, 700, 72 P.3d 703 (2003). But, the mixed petition rule was created by the Supreme Court based on the unique wording of RCW 10.73.100. *In re Personal Restraint of Hankerson*, 149 Wn.2d 695, 699 (2003). RCW 10.73.100, by its terms, only applies to petitions governed by RCW 10.73.090. As explained in *Heck*, RCW 10.73.090

11

does not apply to petitions challenging conditions of release. Thus, RCW 10.73.100 does not apply to petitions relating to ISRB decisions. Thus, the mixed petition rule does not apply to Gann's petition.

We may review an ISRB denial for an abuse of discretion. *In re Personal Restraint of Winton*, 196 Wn.2d 270, 274, 474 P.3d 532 (2020). A court will remove an ISRB condition unless the condition reasonably relates to the crime of the conviction, the offender's risk of reoffending, or the safety of the community. RCW 9.94A.704(10)(c)(i)-(iii); *In re Personal Restraint of Winton*, 196 Wn.2d 270, 276 (2020).

Despite inviting ISRB to address the merits of denying Martin Gann's December 2019 request to move to Spokane Valley, ISRB failed to do so. In its summary reply to Gann's request, the ISRB wrote: "there are multiple areas of community concern in Spokane County, which cannot be mitigated." Pet'r's Opening Br., Exhibit P. This vague response does not enable us to determine the reasonableness of ISRB's denial. We might guess at the concerns, but our understanding would be based only on speculation. We also lack information as to why the concerns cannot be mitigated if Gann moves to his duplex. Therefore, we remand the proceeding to ISRB to grant the request or to deny the request with further articulation of the reason or reasons for the denial.

12

No. 37913-2-III
*In re Personal Restraint of Gann*

Reasonable Adult Supervision Requirement

We dismiss review of Martin Gann's challenge to condition E, the condition precluding contact with minors except with an adult chaperone. Gann objects to the ISRB condition applying to both minor males and females, when all of his victims have been female. He underscores that the ISRB restriction is broader than the sentencing court's order.

Any challenge to condition E accrued in June 2018. No circumstances have changed from June 2018 to December 2020 that justify recommencing running of the statute of limitations for this condition. Gann could have filed his personal restraint petition regarding condition E in June 2018.

Martin Gann recently filed a motion to submit new evidence. We deny Gann's motion. He may submit that evidence on remand to DOC.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

13