# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>GEORGE WILLIAM SCANLAN,<br><br>                                 Petitioner. | No. 51140-1-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, A.C.J. – George William Scanlan seeks relief from personal restraint imposed following his 2007 convictions for several felony offenses. Scanlan was 23 years old when he committed these crimes.

Scanlan argues that (1) the trial court erred in failing to consider any mitigating factors related to his youth before imposing a 480-month base sentence, (2) the trial court erred in failing to consider any mitigating factors related to his youth before imposing 3 consecutive 60-month firearm sentencing enhancements, and (3) his first degree unlawful possession of a firearm and first degree robbery convictions violate the prohibition against double jeopardy.

Scanlan further argues that we can consider this personal restraint petition (PRP) even though it was filed more than one year after his judgment and sentence became final because (1) his sentencing issues are based on significant, material, retroactive changes in the law and are therefore exempt from the one-year time bar under RCW 10.73.100(6), and (2) the double jeopardy issue is exempt from the one-year time bar under RCW 10.73.100(3). Because Scanlan fails to

show that the issue related to his base sentence falls under an exception to the time bar, this PRP is denied as a mixed petition.[1]

## FACTS

A jury found Scanlan guilty of first degree felony murder, first degree burglary, first degree robbery, second degree arson, and first degree unlawful possession of a firearm. The jury also found that Scanlan had committed the first three offenses while armed with a firearm.

The trial court sentenced Scanlan to standard range base sentences totaling 480 months and imposed 3 60-month, consecutive, mandatory firearm sentencing enhancements, for a total sentence of 660 months. The trial court entered the judgment and sentence on May 11, 2007.

Scanlan appealed, and we affirmed his convictions. *State v. Scanlan*, No. 36920-6-II, slip op. at 1 (Wash. Ct. App. Dec. 22, 2009) (unpublished). The appeal mandated on October 26, 2010. Following his appeal, Scanlan filed a PRP that was dismissed by this court.[2] Neither the appeal nor the prior PRP raised any of the issues now before us.

On October 29, 2017, seven years after his judgment and sentence became final when his direct appeal mandated, Scanlan filed this PRP as a CrR 7.8 in the trial court. RCW

---

[1] Although Scanlan's petition is also successive, we dismiss it rather than transfer it to our supreme court because it is a mixed petition. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 86-87, 74 P.3d 1194 (2003).

[2] Scanlan also filed an earlier PRP that he later withdrew. Order Granting Motion to Voluntarily Withdraw Petition and Dismissing Petition without Prejudice, *In re Pers. Restraint of Scanlan*, No. 40306-4-II (Wash. Ct. App. June 7, 2010). While his current PRP was stayed, Scanlan also filed two additional PRPs challenging his convictions and sentence and another PRP challenging a prison disciplinary infraction. Order Dismissing Petition, *In re Pers. Restraint of Scanlan*, No. 56790-3-II (Wash. Ct. App. May 13, 2022); Order Dismissing Petition, *In re Pers. Restraint of Scanlan*, No. 55450-0-II (Wash. Ct. App. Jan. 29, 2021); Order Dismissing Petition, *In re Pers. Restraint of Scanlan*, No. 55210-8-II (Wash. Ct. App. Apr. 22, 2021). None of these PRPs raised any issues related to the issues in this PRP.

10.73.090(3)(b). The trial court transferred the CrR 7.8 motion to us for consideration as a PRP under CrR 7.8(c)(2).[3] We subsequently appointed counsel and ordered supplemental briefing.

ANALYSIS

In his original PRP, Scanlan argues that he was entitled to resentencing because the trial court had failed to consider his youth and immaturity before imposing the 660-month sentence. In his supplemental PRP, Scanlan expands on his original sentencing argument, bifurcating the base sentence and the firearm sentencing enhancements, and arguing that our supreme court's decision in *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), was a significant, material change in the law that extended the case law requiring trial courts to consider youth as a sentencing factor for juvenile offenders tried in adult court to young adult offenders over 20 years of age.

Because Scanlan filed this petition in 2017, more than one year after his judgment and sentence became final when his direct appeal mandated in 2010, we must first address whether this petition is subject to the one-year time bar. RCW 10.73.090(1), (3)(b). Before we can reach the merits of his arguments, Scanlan must show that each of the issues he now raises falls under an exception to the time bar contained in RCW 10.73.100 or that his judgment and sentence is facially invalid or not "rendered by a court of competent jurisdiction." RCW 10.73.090(1); RCW 10.73.100; *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702-03, 72 P.3d 703 (2003). If any one of the issues Scanlan is now raising is time-barred, this petition must be denied as an untimely mixed petition without examination of the remaining issues. *Hankerson*, 149 Wn.2d at 702-03.

---

[3] We stayed this PRP pending our supreme court's decisions in *State v. Scott*, 190 Wn.2d 586, 416 P.3d 1182 (2018), and *In re Personal Restraint of Light-Roth*, 191 Wn.2d 328, 422 P.3d 444 (2018). This stay has been lifted.

Scanlan does not argue that his judgment and sentence is facially invalid or that it was not rendered by a court of competent jurisdiction. Instead, he argues that each of his arguments falls under an exception to the time bar. He contends that his sentencing issues fall under RCW 10.73.100(6), the significant change in the law exception to the time bar.[4] We disagree.

In his original PRP, Scanlan's sole argument is that our supreme court's decision in *State v. O'Dell*,[5] in which the court held that trial courts had the discretion "to consider youth as a mitigating factor when imposing a sentence on an offender" who committed an offense just after turning 18 years old, was a significant, material, retroactive change in the law under RCW 10.73.100(6). But while this PRP was pending, our supreme court held that *O'Dell* was not a significant change in the law under RCW 10.73.100(6) because trial courts already had the authority to consider youth as a mitigating factor when sentencing an adult offender. *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 338, 422 P.3d 444 (2018). Thus, Scanlan fails to show that the significant change in the law exception to the time bar applies based on *O'Dell*.

In his supplemental PRP, Scanlan presents additional arguments related to his base sentence. Scanlan argues that *Monschke* is a significant change in the law that is material to his

---

[4] RCW 10.73.100(6) provides:

There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

[5] 183 Wn.2d 680, 696, 358 P.3d 359 (2015).

sentence because it extended our supreme court's decisions in *State v. Houston-Sconiers*,[6] *In re Personal Restraint of Ali*,[7] and *In re Personal Restraint of Domingo-Cornelio*,[8] which held that *Houston-Sconiers* was a significant change in the law for purpose of RCW 10.73.100(6), to young adult offenders such as himself. But our supreme court recently held that *Monschke* is *not* a significant, retroactive change in the law that applies to petitioners who were more than 20 years old at the time of the crime and were not sentenced to a mandatory life sentence under former RCW 10.95.030(1) (1993). *In re Pers. Restraint of Davis*, ___ Wn.2d ___, 514 P.3d 653, 656-61 (2022); *see also In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 21-25, 513 P.3d 769 (2022). Because Scanlan was more than 20 years old at the time of the crimes and was not sentenced to life without parole under former RCW 10.95.030(1), he fails to show that *Monschke* is a significant change in the law that applies to him and this issue is time-barred.

Because Scanlan fails to show that each of the issues he raises in this PRP falls under one or more of the time bar exceptions, we need not address the remaining issues. *Hankerson*, 149 Wn.2d at 702-03. Accordingly, we deny this petition as an untimely, mixed petition.

---

[6] 188 Wn.2d 1, 21, 23-26, 391 P.3d 409 (2017) (requiring the trial courts to consider the mitigating factor of youth when sentencing juvenile offenders tried in adult court under the sentencing reform act of 1981, ch. 9.94A RCW, or for mandatory sentencing enhancements).

[7] 196 Wn.2d 220, 233-36, 474 P.3d 507 (2020) (holding that *Houston-Sconiers* was a significant change in the law for purpose of RCW 10.73.100(6)), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1754, 209 L. Ed. 2d 514 (2021).

[8] 196 Wn.2d 255, 262-66, 474 P.3d 524 (2020) (holding that *Houston-Sconiers* was a significant change in the law for purpose of RCW 10.73.100(6)), *cert. denied*, ___ U.S. ___, 141 S. Ct. 1753, 209 L. Ed. 2d 515 (2021).

No. 51140-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

MAXA, J.

VELJACIC, J.