**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DECEMBER 1, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
DECEMBER 1, 2022

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 100296-3 |
| | ) | |
| LI'ANTHONY D. WILLIAMS, | ) | En Banc |
| | ) | |
| Petitioner. | ) | Filed: December 1, 2022 |
| | ) | |

OWENS, J.—Li'Anthony Williams[1] was 17 years old in 2001 when he pleaded guilty to assault in the second degree with sexual motivation and was sentenced under the indeterminate sentencing scheme for sex offenders. RCW 9A.36.021(1)(e); RCW 9.94A.507.[2] The trial court imposed the statutory maximum term of life with a minimum term at the bottom of the three to nine month standard range. RCW 9.94A.507(3)(c)(i). Williams was transferred to the Department of Corrections (DOC) with the understanding that his release date would be determined by the Indeterminate Sentence Review Board (ISRB or Board). The ISRB has since found

---

[1] Some court documents refer to Mr. Williams as "Lianthony."

[2] RCW 9.94.507 was codified at former RCW 9.94A.712 at the time of Williams' sentencing. Former RCW 9.94A.712 has since been recodified as RCW 9.94.507 by Laws of 2008, ch. 231, § 56. For convenience, we will refer to the current statute unless otherwise noted.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Williams not releasable. Br. of Resp't, App. at 55-56 (Decision & Reasons) (Wash. Ct. App. No. 50606-8-II (2021)); RCW 9.95.420.

In 2017, Williams filed this personal restraint petition (PRP) on grounds that his maximum term of life sentence was unconstitutional and that he was sentenced to a nonexistent crime. Williams argues that his petition is not barred by the one-year time limit for two reasons. The first reason is because his claim is based on our 2017 holding in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), which was a significant, material change of law that should be retroactively applied. RCW 10.73.100(6). The second reason is because his conviction was invalid on its face. RCW 10.73.090.

We disagree with both claims. Williams' petition fails to meet the time bar exception under RCW 10.73.100(6) because his sentence did not violate the substantive rule of *Houston-Sconiers*; therefore, *Houston-Sconiers* is not material to Williams' claim. Furthermore, Williams' petition does not meet the exception under RCW 10.73.090 because the State's failure to specify the intended felony underlying the conviction on the judgment and sentence (J&S) does not render the J&S invalid on its face.

We therefore dismiss Williams' petition as untimely.

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

FACTS

On December 3, 2001, I.K. reported to the Tacoma Police Department that she went into the women's restroom on the third floor of her office building, entered a stall, and closed the door. Br. of Resp't, App. at 3 (Decl. of Determination of Probable Cause) (Wash. Ct. App. No. 50606-8-II (2021)). As she was using the toilet, the person in the stall next to her reached underneath and handed her a note written on toilet paper. *Id*. The note said, "'Hey Sexy, want a good quickie with a long young and handsome male escort? I hope you're horny because I'm here to satisfy your sexual needs! . . . If you want my services, wipe with this and pass it back.'" *Id*. I.K. was frightened and hurried to leave; before she could, the person reached under the stall again and tried to grab her leg.[3] *Id*. She stomped on the hand and left the restroom. *Id*. I.K. then saw a young black male leave the restroom.

Williams had been identified in at least one of a series of indecent exposure cases "involving a suspect with a very similar description." *Id*. When a Tacoma police detective showed I.K. a photographic montage, I.K. picked out Williams's photograph. *Id.*

---

[3] We deny the State's motion to strike portions of Williams' supplemental brief denying that Williams ever physically contacted I.K. RAP 10.7 Mot. To Strike Portions of Pet'r's Suppl. Br. Although I.K.'s statement and the police reports do indicate there was physical contact, the trial court relied on the facts presented in the "Declaration for Determination of Probable Cause," which states that Williams "tried to grab" I.K.'s leg. Pers. Restraint Pet., App. B at 4, 8 (Verbatim Rep. of Proc. Plea) (Wash. Ct. App. No. 50606-8-II (2017)); Br. of Resp't, App. at 3 (Wash. Ct. App. No. 50606-8-II (2021)).

3

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

In December 2001, Williams pleaded guilty to assault in the second degree with sexual motivation under RCW 9A.36.021(1)(e). Pers. Restraint Pet. (PRP), App. B at 9 (Verbatim Rep. of Proc. (VRP) Plea) (Wash. Ct. App. No. 50606-8-II (2017)).

In April 2002, Williams was sentenced under the newly enacted indeterminate sentencing scheme for sex offenders, former RCW 9.94A.712 (2001). Br. of Resp't, App. at 21, 28 (J&S) (Wash. Ct. App. No. 50606-8-II (2021))[4]. Under that statute, the court imposes the statutory maximum term and sets the minimum term within the standard range for the offense. RCW 9.94A.507(1)(a)-(c)(1). After serving the minimum term, the offender remains in DOC custody until the ISRB determines their release date. RCW 9.94A.507(4)-(6). The offender is then released under conditions imposed by the Board, unless the Board determines it is more likely than not that the offender will commit sex offenses if released. RCW 9.95.420(3)(b).

At Williams' sentencing hearing, the State and defense counsel recommended the bottom end of the three to nine month standard range. PRP, App. C at 2 (VRP Sent'g) (Wash. Ct. App. No. 50606-8-II (2017)); First Suppl. Opening Br. in Supp. of PRP at 2 (Wash. Ct. App. No. 50606-8-II (2020)). The court asked counsel how the new law worked; the parties agreed that Williams would be transferred to DOC

---

[4] The charge entered on the J&S is RCW 9A.36.021(1)(c), assault with a deadly weapon, rather than RCW 9A.36.021(1)(e), intent to commit a felony. Br. of Resp't, App. at 21, 22 (J&S) (Wash. Ct. App. No. 50606-8-II (2021)). Williams notes this but does not raise any claims based on that error. Opening Br. in Supp. of PRP at 15, n.6 (Wash. Ct. App. No. 50606-8-II (2017)); First Suppl. Opening Br. in Supp. of PRP at 25, n.12 (Wash. Ct. App. No. 50606-8-II (2020)).

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

custody and then the ISRB would evaluate Williams and determine his release date. PRP, App. C. at 3-6 (VRP Sent'g) (Wash. Ct. App. No. 50606-8-II (2017)). The court accepted the recommendation, sentencing Williams to a minimum term of three months with credit for time served and a maximum term of life, and ordered Williams transferred to the DOC until June 5 or until released by the ISRB. Br. of Resp't, App. at 27 (Wash. Ct. App. No. 50606-8-II (2017)). The ISRB has since repeatedly denied Williams' release due to multiple serious infractions and failure to attend review hearings or complete risk-related programming. Br. of Resp't, App. at 55-56 (Decisions & Reasons) (Wash. Ct. App. No. 50606-8-II (2021)); RCW 9.95.420.

Williams filed this PRP in 2017, following our decision in *Houston-Sconiers*. Williams asserts that his maximum term constitutes cruel and unusual punishment and that his claim is not time barred because it implicates *Houston-Sconiers*, a significant, material, and retroactively applicable change in the law. First Suppl. Opening Br. in Supp. of PRP at 5-7, 11. (Wash. Ct. Appeals No. 50606-8-II (2020)). Williams also argues his petition is not time barred under RCW 10.73.090(1) because his J&S did not identify the intended felony underlying the second degree assault charge, rendering his conviction invalid on its face. *Id.* at 19-20; RCW 9A.36.021.

After multiple stays awaiting disposition of cases addressing juvenile and young adult sentencing, the Court of Appeals transferred Williams' PRP to this court as both successive and not time barred. RCW 10.73.140; Ord. Transferring Pet. to

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

Wash. Sup. Ct. at 2-3 (Wash. Ct. App. No. 50606-8-II (Oct. 13, 2021)).  The State

filed a motion to dismiss Williams' PRP as untimely under both RCW 10.73.090 and

.100, arguing in the alternative that the petition is "mixed" under *In re Personal*

*Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240 (2000).  Mot. to Dismiss as an

Untimely or Mixed Pet. at 1.  Our commissioner imposed an additional stay pending

*In re Personal Restraint of Grote*, No. 98592-8, before this court granted review and

lifted the stay. Ruling, *In re Pers. Restraint of Williams*, No. 100296-3 (Wash. Nov. 9,

2021); Ord., *In re Pers. Restraint of Williams*, No. 100296-3 (Wash. Feb. 3, 2022).

## ISSUES

1.  Is this court's holding in *Houston-Sconiers* material to a petitioner's

challenge to their maximum, parolable term such that the petition meets the time bar

exception for a significant, material change of law?

2.  If a petition claims two separate exceptions to the time bar and one claim

fails, does the "mixed petition rule" require us to dismiss the entire petition?

3. Does the failure to specify the intended felony on the face of the judgment

and sentence constitute a facial invalidity that meets the exception to the time bar in

RCW 10.73.090?

## ANALYSIS

Generally, a PRP must be filed within one year after a judgment becomes final.

RCW 10.73.090.  A PRP may be exempt from the one-year time bar if  there has been

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

a significant, substantive change in the law that is material to the petitioner's claim and the court determines that retroactive application of the changed standard is required. RCW 10.73.100(6). Additionally, the court may correct a facially invalid J&S without regard to the time bar. RCW 10.73.090.

Williams argues that his sentencing challenge is not time barred for two reasons. Williams' first argument is that his claim falls into the exception in RCW 10.73.100(6) because *Houston-Sconiers* is a significant change in the law on juvenile sentencing, which this court has held should be retroactively applied. Williams' second argument is that because RCW 10.73.090(1) requires a J&S to be valid on its face before RCW 10.73.100 is triggered and his J&S is not valid on its face. Pet'r's Answer to Mot. to Dismiss at 9.

1. Houston-Sconiers *Is Not Material or Retroactively Applicable to Williams' Claim Because the Maximum Term of an Indeterminate Sentence Does Not Raise the Risk of Disproportionate Punishment*

To determine whether *Houston-Sconiers* is material and therefore retroactive to Williams' challenge, we must ascertain whether Williams' sentence violates *Houston-Sconiers*' substantive rule. Substantive rules "'set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose'" and include "'rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 237, 474 P.3d 507 (2020) (internal quotation marks

7

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

omitted) (quoting *Montgomery v. Louisiana*, 577 U.S. 190, 201, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)). *Houston-Sconiers* established a category of punishments that are prohibited: adult standard SRA[5] ranges and enhancements that would be disproportionate punishment for juveniles who possess diminished culpability. *Id*. We have already held that this substantive rule is retroactive. *Id.* at 236; *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 266-67, 474 P.3d 524 (2020).

To effectuate the substantive rule, we announced two procedural rules we have characterized as the "dual mandates" of *Houston-Sconiers*. *Ali*, 196 Wn.2d at 236-37. First, sentencing courts must consider the mitigating qualities of youth, and second, they must have discretion to impose sentences below the SRA adult standard ranges. *Houston-Sconiers*, 188 Wn.2d at 21. These procedural rules are "'designed to enhance the accuracy of a . . . sentence by regulating the manner of determining the defendant's culpability.'" *Ali*, 196 Wn.2d at 237 (emphasis omitted) (internal quotation marks omitted) (quoting *Montgomery*, 577 U.S. at 201). The dual mandates are clearly procedural as they do not place any law or punishment beyond the State's power to impose. Thus, any application of *Houston-Sconiers*' procedural elements to an indeterminate sentence must be tied to the substantive rule prohibiting adult standard SRA ranges and enhancements that would be proportionate punishment for juveniles who possess diminished capacity.

---

[5] Sentencing Reform Act of 1981, ch. 9.94A RCW.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Here, Williams challenges his mandatory indeterminate maximum term of life in prison. As we explain in *In re Personal Restraint of Forcha-Williams*, the maximum term of an indeterminate sentence does not raise the same risk of disproportionate punishment as the minimum term because the offender is not mandated to serve their maximum term. No. 100051-1, slip op. at 17 (Wash. Dec. 1, 2022), https://www.courts.wa.gov/opinions. Instead, an indeterminate sentence provides an opportunity for release for those who demonstrate rehabilitation. For offenders like Williams, there is not only the *possibility* of release upon serving their minimum terms but a statutory *presumption* of release unless the ISRB finds the offender likely to commit sex offenses if released. RCW 9.95.420(3)(a). The connection between release and an offender's rehabilitation alleviates the concern that an indeterminate sentence beyond the minimum term will be disproportionate in light of the reduced culpability of juveniles. Because disproportionate punishment is not triggered by Williams' challenge to his maximum term, the substantive rule announced in *Houston-Sconiers* is not implicated. Therefore, he fails to establish that *Houston-Sconiers* is material to his claim such that RCW 10.73.100(6) applies to his untimely petition.

Williams argues our recent decisions in *Ali* and *Domingo-Cornelio* require that the "rules of juvenile sentencing" set forth in *Houston-Sconiers* apply retroactively. First Suppl. Opening Br. in Supp. of PRP at 7-8 (Wash. Ct. Appeals No. 50606-8-II

9

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

(2020)). This characterization of *Houston-Sconiers'* retroactivity is inaccurately broad and fails to distinguish between the substantive rule and the procedural dual mandates. As we explained above, the procedural mandates that require courts to consider mitigating qualities of youth and to have discretion to impose sentences below the SRA are not independently retroactive on collateral review.

> 2. *The "Mixed" Petition Rule Does Not Apply Where a Petition Asserts One Claim That Falls under an RCW 10.73.100 Exception and Another Claim That Falls under the RCW 10.73.090 Exemption*

This court has held that if a personal restraint petition with multiple claims is filed after the one-year period expires, and the court determines that at least one of the claims is time barred, the petition must be dismissed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 697, 72 P.3d 703 (2003). However, this "mixed petition" rule does not preclude consideration of claims involving alleged facial invalidity in the J&S. Such claims implicate RCW 10.73.090 and are thus not subject to the restrictive language in RCW 10.73.100. *Id.* at 700.

The State argues that Williams' petition must be dismissed as mixed because all of Williams' grounds for relief must fall within one of the RCW 10.73.100 exceptions. Mot. to Dismiss as an Untimely or Mixed Pet. at 6. Although we agree that Williams' *Houston-Sconiers* claim is time barred, we do not agree that means the entire petition should be dismissed.

10

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Because Williams asserts one claim under RCW 10.73.100(6) and a second claim under RCW 10.73.090, the mixed petition rule does not apply to Williams' claim that his J&S was invalid on its face. We therefore proceed to address that claim.

### 3. *Assault with Intent To Commit a Felony is a Valid Conviction; Therefore, Williams' J&S Is Not Invalid on Its Face*

Williams argues that because the pleadings did not identify the felony underlying his second degree assault charge, he was charged with a nonexistent crime; therefore, his J&S is invalid on its face and exempt from the time bar. This court has found facial invalidity on the J&S of other offenders convicted of nonexistent crimes. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135-36, 267 P.3d 324 (2011); *see also In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004) ("No statute established a crime of second degree felony murder based upon assault at the time the petitioners committed the acts for which they were convicted."); *In re Pers. Restraint of Thompson,* 141 Wn.2d 712, 719, 10 P.3d 380 (2000) ("Thompson was charged with first degree rape of a child, which did not become a crime until nearly two years after the offense or offenses occurred"; thus, the J&S was invalid on its face.) However, unlike the nonexistent crimes in these cases, the crime for which Williams was convicted, RCW 9A.36.021(1)(e), does exist.

Williams asserts that the language of the statute clearly intends that the felony is an element of the crime that must be enumerated. First Suppl. Opening Br. in Supp.

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

of PRP at 20 (Wash. Ct. App. No. 50606-8-II (2020)). But he fails to cite authority supporting his position that a failure to enumerate the elements of a crime in a J&S renders it invalid on its face. Because he has not shown how his J&S is invalid on its face, he cannot claim the exemption under RCW 10.73.090. His petition is time barred.

## CONCLUSION

Williams filed this petition well past the statutory time limit. *Houston-Sconiers* is not material to his challenge to his statutory indeterminate maximum sentence; therefore, he cannot claim the substantial and material change in law exception. He also cannot claim his judgment and sentence is invalid on its face. Because he has not established entitlement to any exceptions to the statutory time bar, we dismiss his petition.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In the Matter of the Personal Restraint of Lianthony Williams*
No. 100296-3

Owens, J.

WE CONCUR:

González, C.J.

Gordon McCloud, J.

Johnson, J.

Yu, J.

Madsen, J.

Whitener, J.

Stephens, J.

Lewis, J.P.T.

13