# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No.  57804-2-II |
| JUSTIN WAYNE BROMLEY, | |
| Petitioner. | UNPUBLISHED OPINION |

PRICE, J. — In this personal restraint petition (PRP), Justin W. Bromley seeks relief from restraint following his guilty plea to first degree child molestation and first degree rape of a child. In his initial pro se petition, Bromley alleges numerous reasons for why his guilty plea was a manifest injustice.  In a supplemental brief, appointed counsel raised four new grounds for relief not included in Bromley's initial petition.  We dismiss these new grounds raised in Bromley's supplemental brief as time barred and deny the remainder of Bromley's PRP.

## FACTS

Based on allegations involving victimizing his daughter, Bromley was charged in late 2021 with first degree child molestation, indecent liberties by forcible compulsion, three counts of first degree rape of a child, and attempted first degree rape of a child.  Almost all charges included an allegation of abuse of a position of trust as an aggravating circumstance.

Bromley agreed to plead guilty four months later.  Under the plea agreement, the State agreed to dismiss four of the six counts and all of the aggravating circumstances.  The two remaining counts were first degree child molestation (count 1) and first degree rape of a child

(count 3). Because Bromley had no previous felony convictions, his sentencing ranges under the plea agreement were as follows:

| Count | Offender Score | Seriousness Level | Standard Range | Aggravating Factors | Total Standard Range | Maximum Term |
|---|---|---|---|---|---|---|
| 1 | 3 | X | 67-89 months | - None - | 67-89 months | Life in prison and/or a $50,000 fine |
| 3 | 3 | XII | 120-160 months | - None - | 120-160 months | Life in prison and/or a $50,000 fine |

Clerk's Papers (CP) at 46, 48. The plea agreement reflected that by statute the sentences were subject to indeterminate sentencing. The State agreed to recommend a low-end sentence of a minimum term of 120 months for the first degree rape of a child (count 3) and a sentence with a minimum term of 89 months for first degree child molestation (count 1).

Bromley pleaded guilty in March 2022. In both his written statement of defendant on plea of guilty and during his colloquy with the superior court, Bromley confirmed that he understood the terms of the plea agreement and that he entered into it freely and voluntarily.

After Bromley pleaded guilty, he requested several continuances of the sentencing hearing so that he could complete evaluations for a special sex offender sentencing alternative (SSOSA), RCW 9.94A.670. However, after three months without these evaluations being completed, the superior court declined to allow any further delay.

The superior court sentenced Bromley consistent with the State's recommendation. The superior court also imposed lifetime community custody. Community custody conditions included

a lifetime no contact order preventing all contact with his daughter. Bromley's judgment and sentence was filed on July 25, 2022.

ANALYSIS

Bromley did not appeal his judgment and sentence. But in January 2023, Bromley filed a pro se personal restraint petition, raising multiple reasons for why his restraint is unlawful, including ineffective assistance of counsel, excessive financial release conditions, excessive and unconstitutional sentence, and that he was coerced into signing the plea agreement.[1] In a supplemental brief filed in November 2023, appointed counsel raises four new grounds for relief. We dismiss the new grounds raised in Bromley's supplemental brief as time barred and deny the remainder of Bromley's PRP.

I. TIMELINESS

A personal restraint petition generally must be filed within one year of the date that the petitioner's judgment and sentence becomes final. RCW 10.73.090(1). A judgment and sentence becomes final on the date that it is filed with the clerk of the superior court. RCW 10.73.090(3)(a). A petition filed more than one year later is time barred unless the petitioner shows that their judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction.

---

[1] In his initial pro se petition, Bromley also attempts to incorporate by reference a CrR 7.8 motion that he alleges the superior court never decided. Bromley's allegation that the superior court never decided this motion is incorrect because the record shows the superior court denied the motion. Nevertheless, we do not address the issue because a party may not incorporate by reference arguments or claims made in other filings. *See In re Guardianship of Lamb*, 173 Wn.2d 173, 183 n.8, 265 P.3d 876 (2011) ("Washington courts have consistently held that a party waives issues not fully argued in appeals briefs, rejecting attempts by litigants to incorporate by reference arguments contained only in trial court briefs"); *see also Diversified Wood Recycling, Inc. v. Johnson*, 161 Wn. App. 859, 890-91, 251 P.3d 293, *review denied*, 172 Wn.2d 1025 (2011).

RCW 10.73.090(1). Or the petitioner must show that their petition is based solely on one of the enumerated exceptions to the time bar in RCW 10.73.100.

If a petition raises claims that are both timely and untimely under RCW 10.73.100, then the petition is mixed and must be dismissed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003). The mixed petition rule does not bar consideration of claims that allege facial invalidity of the judgment and sentence. *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 632-33, 520 P.3d 933 (2022).

If any "supplemental brief" includes new claims, the new claims would be subject to the time bar based on the timing of the "supplemental brief," not the initial petition. *See In re Pers. Restraint of Wilson*, 169, Wn. App. 379, 393-94, 279 P.3d 990 (2012), *review denied*, 338 P.3d 275 (2013).[2]

Here, Bromley's initial pro se petition was timely filed. Bromley's judgment and sentence was filed in July 2022, and he filed his initial petition in January 2023—well within a year of his judgment and sentence becoming final. Thus, each of the claims included in his initial petition are timely.

However, Bromley's supplemental brief was not filed within one year of his judgment and sentence. Bromley's appellate counsel did not file supplemental briefing until November 2023,

---

[2] On November 3, 2023, Bromley's appointed counsel filed a "supplemental brief" in support of Bromley's PRP that raised new grounds for relief and did not address any grounds raised in his initial petition. Our record does not show the filing of a petitioner verification under RAP 16.7(a)(7) for the raising of any new issues. Nor did appointed counsel move the court for permission to file an amended petition that raises issues not raised in Bromley's initial PRP. We have concerns about whether this was consistent with our appointment of counsel and the applicable rules for personal restraint petitions. Notwithstanding these concerns, we exercise our discretion to address the issues.

more than one year after July 2022. Because this supplemental brief raises all new claims not addressed in the initial petition, we address their timeliness separately. *See Wilson*, 169 Wn. App. at 393-94. In fact, all of these new claims are time barred unless they show that Bromley's judgment or sentence is facially invalid (or not rendered by a court of competent jurisdiction) or they fall under one of the exceptions listed in RCW 10.73.100. *See Hankerson*, 149 Wn.2d at 702.

The four new claims raised in Bromley's supplemental petition are, (1) that his community custody condition that imposes a lifetime no contact order with his daughter is invalid because it violates Bromley's constitutional right to parent, (2) that he received ineffective assistance of counsel because his defense counsel "failed to provide the court with the necessary documentation to consider imposing [SSOSA]," (3) that the superior court abused its discretion because it denied Bromley's SSOSA request before he could obtain a complete evaluation, and (4) that his legal financial obligations must be stricken due to changes in Washington law. Suppl. Br. of Pet'r at 1.

We start by reviewing whether any of Bromley's new claims allege that his judgment and sentence is facially invalid. A judgment and sentence is facially invalid if "the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). Allegations that a community custody condition is unconstitutional may implicate facial invalidity. *See In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011). However, whether a community custody condition infringes on the right to parent is a fact-specific inquiry. *See In re Pers. Restraint of Rainey,* 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010).

Here, none of Bromley's new claims potentially implicate facial invalidity, except one—his claim that his lifetime no contact order preventing contact with his daughter violates his right

to parent. This claim implicates facial invalidity because it alleges that a community custody condition is unconstitutional. However, because the State's ability to infringe on Bromley's right to parent is fact-specific, the constitutionality of this community custody condition cannot be determined from the face of the judgment and sentence. As Bromley concedes, a superior court would need to evaluate factors such as the age of his daughter, Bromley's involvement in her life as a parent, and the possibility of supervised visitation before deciding whether the lifetime no contact order was unconstitutional. Thus, because more is needed, the challenged community custody condition does not render his judgment and sentence facially invalid. *Goodwin*, 146 Wn.2d at 866.

Having concluded that none of Bromley's new claims implicate facial invalidity, we next analyze whether all of them fall under the exceptions under RCW 10.73.100.[3] All must fall under

---

[3] RCW 10.73.100 lists seven exceptions to the time bar:

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pleaded not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction;

(6) A motion for a modification of conditions of community custody pursuant to RCW 9.94A.703 and 9.94A.709; or

(7) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided

6

one of these exceptions or the mixed petition rule applies. As stated above, the mixed petition rule requires that if even one of Bromley's claims is untimely, then the remainder of his supplemental claims must also be time barred. *See Hankerson*, 149 Wn.2d at 702.

At least one of these new claims in Bromley's supplemental brief clearly does not meet a RCW 10.73.100 exception. One of Bromley's new claims is that he received ineffective assistance of counsel, but a claim for ineffective assistance of counsel does not fall under any of the exceptions to the time bar under RCW 10.73.100. *See In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 349, 5 P.3d 1240 (2000) (citing the "mixed-petition" rule, claims made in a supplemental brief are dismissed, in part, because petitioner's ineffective assistance of counsel claim does not meet a .100 exception). Therefore, even if other claims in Bromley's supplemental brief fall under an exception in RCW 10.73.100, the claims in the brief are mixed and all of them must be dismissed. *Hankerson*, 149 Wn.2d at 702. We dismiss the claims made in Bromley's supplemental brief.

II. REMAINING ISSUES IN THE INITIAL PETITION

We turn now to Bromley's initial pro se petition which, unlike the supplemental brief, was timely filed. This initial petition raises multiple—17 somewhat overlapping—challenges to his plea agreement, but, with each claim, Bromley fails to meet his burden to establish that any alleged ground for relief resulted in actual and substantial prejudice or a fundamental defect that resulted in a complete miscarriage of justice. Thus, we deny Bromley's initial petition.

---

that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

A personal restraint petition is a collateral attack made on a final judgment or sentence in a criminal case that resulted in the petitioner's limited freedom, confinement, or "some other disability." RAP 16.4. "[C]ollateral attacks on convictions made through a PRP are allowed only in 'extraordinary' circumstances." *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022) (quoting *Coats*, 173 Wn.2d at 132). Petitioners must overcome a high burden "before this court will disturb a settled judgment." *Id.*

To obtain relief in a personal restraint petition, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or, an even higher burden, a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). To meet their burden in a personal restraint petition, the petitioner must state with particularity facts that, if proven, would entitle the petitioner to relief. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). Bald assertions and conclusory allegations are not sufficient. *Id.* Arguments made only in broad, general terms are also insufficient. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327-28, 394 P.3d 367 (2017).

To show prejudice when a petitioner pleaded guilty, the petitioner must show that there is a reasonable probability that the petitioner would not have pled guilty and would have instead insisted on going to trial. *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011); *State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Sandoval*, 171 Wn.2d at 175 (alteration in original) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "Rationality is an

objective inquiry informed by the circumstances of the defendant." *Buckman*, 190 Wn.2d at 66-67. Therefore, " '[a] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice,' regardless of whether that allegation is credible or not." *Id.*, at 67 (alteration in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993).

In his initial petition, Bromley raises multiple reasons for why his restraint is unlawful, including ineffective assistance of counsel, excessive financial release conditions, excessive and unconstitutional sentence, and that he was coerced into signing the plea agreement. Regardless of whether these grounds are characterized as constitutional or nonconstitutional errors, Bromley fails to meet his burden to establish either actual and substantial prejudice or a complete miscarriage of justice. He does not demonstrate how any of the alleged errors would have rationally impacted his decision to plead guilty. For example, when Bromley alleges that his defense attorney failed to thoroughly investigate his case, he does not specify what he wanted his attorney to investigate, or what kind of information could have potentially been obtained that would have made it reasonable for Bromley to have gone to trial instead of plead guilty. Or when Bromley alleges that his guilty plea was involuntary, he makes no claim as to why it would have been reasonable for him to go to trial instead.

Indeed, Bromley's acceptance of the plea agreement was objectively reasonable—the deal appeared to be very beneficial to him. Before the plea agreement, Bromley faced six counts: one count of first degree child molestation, one count of indecent liberties by forcible compulsion, three counts of first degree rape of a child, and one count of attempted first degree rape of a child. Five of the six counts included alleged aggravating circumstances based on an abuse of a position

9

of trust.  Based on these charges, if Bromley had gone to trial and been found guilty by a jury, he would have faced the following sentencing consequences:

| Count | Offender Score | Seriousness Level | Standard Range | Aggravating Factors | Total Standard Range | Maximum Term[4] |
|-------|----------------|-------------------|----------------|---------------------|----------------------|-----------------|
| 1 | 15 | X | 149-198 months | Abuse of position of trust | ≥149-198 months | Life in prison and/or a $50,000 fine |
| 2 | 15 | X | 149-198 months | Abuse of position of trust | ≥149-198 months | Life in prison and/or a $50,000 fine |
| 3 | 15 | XII | 240-318 months | Abuse of position of trust | ≥240-318 months | Life in prison and/or a $50,000 fine |
| 4 | 15 | XII | 240-318 months | Abuse of position of trust | ≥240-318 months | Life in prison and/or a $50,000 fine |
| 5 | 15 | XII | 240-318 months | - None - | ≥240-318 months | Life in prison and/or a $50,000 fine |
| 6 | 15 | XII | 180-239 months | Abuse of position of trust | ≥180-239 months | Life in prison and/or a $50,000 fine |

---

[4] RCW 9.94A.507(3) requires that an individual convicted of sexual offenses, including first degree rape of a child, first degree child molestation, and indecent liberties with forcible compulsion, be sentenced to an indeterminate sentence within a minimum term determined by the standard range and a maximum term of the statutory maximum sentence for the offense.

*See* CP at 13-15, 58-60.[5] Even if the superior court had only sentenced Bromley to the minimum sentence on these original charges, he faced 240 months in prison.

Yet, by accepting the plea agreement, Bromley significantly reduced the number of charges he was facing, his offender score, and the amount of time he could potentially face in prison. Under the agreement, Bromley's minimum sentence dropped from 240 months in prison to 120 months— essentially cutting his minimum prison term in half. There is also the strong possibility that under the original charges, Bromley's ultimate prison term would have been far more than 240 months because the alleged aggravating circumstances could have provided a basis for the superior court either to impose a standard range sentence higher than the low end of the sentencing range or to impose an exceptional sentence above the standard sentencing range. Based on all of the circumstances, it was clearly rational for Bromley to accept the plea agreement; Bromley has made no showing that, but for the alleged errors, there is a reasonable probability that he would not have pleaded guilty and would have instead gone to trial. Accordingly, Bromley has not met his burden for a settled judgment to be disturbed. We deny his petition.

CONCLUSION

We dismiss Bromley's new claims in his supplemental brief because they are time barred. We deny the remainder of Bromley's claims raised in his initial petition because he fails to demonstrate either actual and substantial prejudice or a fundamental defect that results in a complete miscarriage of justice.

---

[5] 9.94A.525; RCW 9.94A.; RCW 9.94A.510; RCW 9A.20.021; *see also* RCW 9A.44.083; RCW 9A.44.100; RCW 9A.44.073.

No. 57804-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, C.J.

CHE, J.